OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
The maximum recovery limits for wrongful death under an uninsured motorist indorsement are $50,000 for the death of one person and $100,000 for the death of two or more persons (Insurance Law § 3420 [formerly § 167 (2-a)]). Pursuant to "terms and conditions * * * prescribed by the board of directors of the Motor Vehicle Accident Indemnification Corporation [MVAIC] and approved by the superintendent [of insurance]” (id.), when a claimant and an insurer cannot agree upon the amount to be recovered for such a claim, the parties must submit to binding arbitration. The statute also allows an insurer to provide supplementary uninsured motorists insurance with maximum coverage of $100,000/$300,000, but the MVAIC does not require that disputes concerning this excess coverage be resolved through binding arbitration.
In this case, the insured opted to purchase extra coverage, agreeing in a "Supplementary Uninsured Motorists Coverage” indorsement superseding the policy’s standard provisions that an arbitration award exceeding the standard $50,000/$100,000 limitation may be reviewed by either party in a trial de nova. Because the arbitration award in this case set the insured’s liability for the deceased’s hit-and-run death at $100,000, greater than the standard $50,000 limitation, we cannot accept appellant’s argument that the award was made pursuant to the standard Uninsured Motorist (Family Protection) coverage indorsement of the policy.
*1003 Although the extra coverage purchased by the insured here is commonly referred to as "underinsurance” (see, Metropolitan Prop. & Liab. Ins. Co. v Cassidy, 127 Misc 2d 641; Gull v General Acc. Fire & Life Assur. Corp., 121 Misc 2d 721), it is nonetheless uninsured motorists coverage. Indeed, the statutory authorization for such additional coverage is found within this State’s mandatory uninsured motorist coverage scheme, which describes this coverage as "Supplementary Uninsured Motorist Insurance”. The statute distinguishes between "insured” and "uninsured” motor vehicles (see, Insurance Law § 5202 [c], [d]). An "insured motor vehicle” is defined as "a motor vehicle as to which there is maintained proof of financial security as defined in [Vehicle and Traffic Law § 311 (3)]” (Insurance Law § 5202 [c]), while an "uninsured motor vehicle” is defined as "a motor vehicle other than a motor vehicle described in section (c)” (Insurance Law § 5202 [d]).
The statutory allowance for supplementary uninsured motorists insurance coverage expands the "uninsured motorist” category to include one who, while maintaining proof of financial responsibility as required by law, and thus being an "insured motorist”, nevertheless may be considered an "uninsured motorist” because he is "underinsured” when compared to the coverage of an insured who has exercised the option to purchase supplementary insurance.
The supplementary uninsured motorists coverage indorsement of the policy at issue is couched in language authorized by the board of directors of MVAIC and approved by the Superintendent of Insurance (see, Insurance Law § 3420; Matter of Country-Wide Ins. Co. v Wagoner, 45 NY2d 581, 586). As noted above, this indorsement provides for arbitration when the claimant and the insurer are unable to agree upon the amount to be paid under an uninsured motorist claim, but, unlike the requirement of a standard uninsured motorist indorsement that there be binding arbitration, either party is given the option to obtain a trial de nova of all the issues if an award is rendered in excess of the standard $50,000/$100,000 limitation. In addition to contradicting the express provisions of the indorsement, appellant’s argument that the first $50,-000 of an award is binding and unassailable and that the de nova trial should be limited to the excess awarded above that amount finds no support in the statute or in logic.
We find no ambiguity in the policy requiring a strict construction of the policy that would resolve the ambiguity *1004 against the insured (Miller v Continental Ins. Co., 40 NY2d 675). The policy’s face sheet, wherein the afforded coverage is recorded, clearly indicates that with respect to uninsured motorists, coverage will extend up to $100,000/$300,000 per accident, amounts only available pursuant to a supplementary uninsured motorist coverage indorsement since they are in excess of the maximum uninsured motorist coverage of $50,-000/$100,000 required by Insurance Law § 3420.
We have considered appellant’s other arguments and find them to be without merit.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur; Judge Titone taking no part.
Order affirmed, with costs, in a memorandum.