■ In the Matter of AETNA CASUALTY & SURETY COMPANY, Appellant, v LESLIE FACCIPONTI, Respondent.—Order, Supreme Court, New York County (Harold Baer, Jr., J.), entered June

5, 1985, which denied the motion of petitioner Aetna Casualty & Surety Company (Aetna) to stay arbitration of an uninsured motorist claim made by respondent Ms. Leslie Facciponti (Ms. Facciponti), is unanimously reversed, on the law and on the facts, petition is reinstated, arbitration is stayed, and the matter is remanded for a hearing on the issue of whether respondent Ms. Facciponti resided in her father's household on the date of the accident, without costs.

On November 26, 1983, Ms. Facciponti, while a passenger in a vehicle owned and operated by Mr. Joseph Siragusa (Mr. Siragusa), was injured when Mr. Siragusa's vehicle was involved in an accident with another vehicle in the Village of Bethel, Sullivan County, New York State. Following that accident, Ms. Facciponti was taken to Community General Hospital (Hospital) of Sullivan County for treatment of her injuries. Our examination of the Hospital's emergency room record indicates to us, in pertinent part, that Ms. Facciponti gave her permanent address as 144-44 41st Avenue, Flushing, New York.

Since Mr. Siragusa's vehicle was allegedly uninsured, by letter to Aetna, dated January 23, 1985, Ms. Facciponti demanded arbitration of her claim for no-fault benefits. Her claim is based upon the uninsured motorist indorsement contained in an automobile policy issued by Aetna to her father, Mr. Angelo Facciponti (Mr. Facciponti), and that policy lists his residence address as 2 Lexington Avenue, Suffern, New York. Thereafter, Aetna moved to stay arbitration, on the ground that Ms. Facciponti did not reside in Mr. Facciponti's household, as required by the policy. Respondent Ms. Facciponti opposed, on the grounds that Aetna had failed to legally disclaim. Special Term denied Aetna's motion.

We disagree.

In *Matter of Aetna Cas. & Sur. Co. (Mari)* (102 AD2d 772, 774 [1st Dept 1984]), we held that where a carrier did not make a contract of insurance with the person making the claim for the vehicle involved, such as in the case herein, "there is no duty to disclaim" coverage. Furthermore, our review of the record indicates that, although respondent Ms. Facciponti submitted an affidavit, in which she contends that on the day of the accident she resided with her father, she did not submit an affidavit from Mr. Facciponti confirming that fact. Therefore, we find that "[a]n issue of fact is thus raised" *(Aetna Cas. & Sur. Co. v Rodriguez,* 102 AD2d 744, 746 [1st Dept 1984]) as to whether Ms. Facciponti actually resided in her father's household.

Accordingly, we remand for a hearing to determine the actual residence of Ms. Facciponti on the date of her accident. Concur—Murphy, P. J., Kupferman, Ross, Milonas and Smith, JJ.