■ In the Matter of FIREMAN'S FUND INSURANCE COMPANY, Respondent, v PHILIP FREDA, Appellant.—In a proceeding pursuant to CPLR 7503 to stay arbitration of an underinsured motorist claim, Philip Freda appeals from a judgment of the Supreme Court, Westchester County (Donovan, J.), entered May 10, 1988, which granted the petition.

Ordered that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Westchester County, for an evidentiary hearing on the issue of whether Philip Freda resided in his father's household on the date of the accident in accordance herewith; pending that hearing arbitration is temporarily stayed.

On February 16, 1985, Philip Freda suffered serious personal injuries as a result of an automobile accident that occurred in Clinton County, Pennsylvania. Freda was a passenger in the automobile at the time of the accident. In December 1986, Freda settled his personal injury claim with the owner and operator of the car for the maximum liability coverage available under their respective insurance policies. Prior to entering into the settlement, however, Freda notified Fireman's Fund Insurance Company (hereinafter Fireman's Fund) by letter dated April 2, 1986, of his intention to file a claim for benefits pursuant to the underinsured motorist endorsement contained in an insurance policy issued by Fireman's Fund to Freda's father, which was in effect at the time of the accident. By letter dated August 13, 1987, Fireman's Fund disclaimed coverage on the sole ground that Freda was not a "covered person" as defined by the policy because Freda was not a resident of his father's household at the time of the accident. By letter dated October 10, 1987, Freda demanded arbitration of his underinsured motorist claim and Fireman's Fund subsequently commenced the instant proceeding for a permanent stay of arbitration.

The Supreme Court granted a permanent stay of arbitration, concluding that underinsured motorist coverage was not available because the bodily injury coverage provided in the insurance policies issued to the operator and owner of the motor vehicle involved in the accident, equaled or exceeded the State's minimum financial responsibility requirements. We disagree.

The court has erroneously equated uninsured motorist coverage (see, Insurance Law § 3420 [f] [1]), with supplementary

uninsured motorist insurance *(see,* Insurance Law § 3420 [f] [2]), which is commonly referred to as underinsured motorist coverage. The uninsured motorist endorsement of the Fireman's Fund policy affords coverage if the tort-feasor's motor vehicle is uninsured. An uninsured motor vehicle is one which has no bodily injury liability bond or policy applicable at the time of the accident, or which has an applicable bond or policy with a limit for bodily injury liability that is less than the minimum limit for bodily injury liability specified by the financial responsibility law of this State *(see,* Vehicle and Traffic Law § 311 [4]). In contrast, supplementary uninsured motorist insurance provides coverage "if the limits of liability under all bodily injury liability bonds and insurance polices of another motor vehicle liable for damages are in a lesser amount than the bodily injury liability insurance limits of coverage provided by such policy" (Insurance Law § 3420 [f] [2]). Unlike uninsured motorist coverage, the applicability of underinsured motorist coverage is not governed by this State's financial responsibility requirements. Since the total amount of bodily injury liability coverage applicable to the motor vehicle at issue was less than the limit of bodily injury liability coverage in the policy issued by Fireman's Fund to Philip Freda's father, the subject vehicle was underinsured as to a person covered by the Fireman's Fund policy *(see, e.g., Passaro v Metropolitan Prop. & Liab. Ins. Co.,* 128 Misc 2d 21, *affd* 124 AD2d 647; *Garry v World-Wide Underwriters Ins. Co.,* 120 Misc 2d 91, *affd* 101 AD2d 717; *Gull v General Acc. Fire & Life Assur. Corp.,* 121 Misc 2d 721). The purpose of underinsured motorist coverage is to allow a form of excess liability insurance coverage after exhaustion of all insurance policies covering the underinsured motor vehicle *(see, Passaro v Metropolitan Prop. & Liab. Ins. Co., supra).*

In its petition for a permanent stay of arbitration, Fireman's Fund predicated its denial of coverage on four grounds: (1) Philip Freda was not a "covered person" since he was not a resident of the household of the policyholder on the date of the accident, (2) there was no timely notice given to Fireman's Fund of the underinsured motorist claim, (3) Philip Freda failed to promptly send to Fireman's Fund copies of the legal papers in the personal injury action he brought against the owner and operator of the motor vehicle as required by the subject policy, and (4) Philip Freda settled the bodily injury claim without the consent of Fireman's Fund, constituting a policy exclusion.

Since Fireman's Fund failed to include the second, third and

fourth grounds in its original letter of disclaimer, it has waived any right to assert these grounds as a basis for denying coverage in its petition to stay arbitration *(see,* Insurance Law § 3420 [d]; *General Acc. Ins. Group v Cirucci,* 46 NY2d 862). However, the first ground, that Philip Freda was not a "covered person", constitutes a potentially valid basis for the denial of liability because Fireman's Fund made no contract of insurance with the person involved in the accident *(see, United Serv. Auto. Assn. v Meier,* 89 AD2d 998). Consequently, Fireman's Fund was not required by Insurance Law § 3420 (d) to give timely written notice of its first asserted ground for disclaiming coverage *(see, Zappone v Home Ins. Co.,* 55 NY2d 131; *Matter of Aetna Cas. & Sur. Co. v Facciponti,* 133 AD2d 60). Upon a review of this record, Fireman's Fund satisfied its burden *(see, Matter of Len [Lumbermens Mut. Cas. Co.],* 80 AD2d 682; *Matter of Kuhn [MVAIC],* 31 AD2d 707) of demonstrating that a factual issue exists as to whether Philip Freda was a resident of the household of the policyholder on the date of the accident, which should be determined by an evidentiary hearing as a condition precedent to arbitration *(see, United Serv. Auto. Assn. v Meier, supra; Hollander v Nationwide Mut. Ins. Co.,* 60 AD2d 380, 383; *Appleton v Merchant Mut. Ins. Co.,* 16 AD2d 361, 365-366; *cf., D'Amico v Pennsylvania Millers Mut. Ins. Co.,* 72 AD2d 783, *affd* 52 NY2d 1000).

Accordingly, we remit the matter to the Supreme Court, Westchester County, for a hearing to determine the residence of Philip Freda on the date of the accident *(see, Matter of Aetna Cas. & Sur. Co. v Facciponti,* 133 AD2d 60, *supra).* Mollen, P. J., Rubin, Sullivan and Rosenblatt, JJ., concur.