■ HAE SUP KIM, Respondent, v GENERAL ACCIDENT FIRE AND LIFE INSURANCE COMPANY, Appellant.—Order, Supreme Court, New York County (Stephen G. Crane, J.), entered October 24, 1989, which confirmed an arbitrator's award pursuant to CPLR 7510 and denied the cross-motion by respondent, unanimously affirmed, with costs.

On August 7, 1987, petitioner Kim sustained serious personal injuries as a result of an automobile accident when the car in which she was riding collided with an uninsured vehicle.

The record supports a rational basis for the arbitrator to find that petitioner's automobile liability policy included "underinsured" coverage. The policy was ambiguous and therefore it was proper to construe the ambiguity against the one who drafted the policy.

Having found that petitioner had "underinsured" coverage, it was not error for the arbitrator to apply that coverage.

Respondent contends that it was an error of law for the arbitrator to apply an insured's "underinsurance" coverage (Insurance Law § 3420 [f] [2]) when she was involved with a vehicle that had no insurance. Respondent contends that the only coverage that pertained to this accident was "uninsured" coverage. (Insurance Law § 3420 [f] [1].) It argues that underinsurance only takes effect when the other vehicle has insurance but an insufficient amount to cover the damages incurred. The limits of liability are substantially less under uninsured" coverage as compared to "underinsurance".

Respondent's argument is without merit. "Underinsurance" coverage is supplementary to uninsured coverage. Insureds may increase their uninsured coverage by the payment of extra premiums to obtain the "underinsurance" coverage. The

Legislature enacted "underinsurance" coverage to " 'more adequately protect the victims of uninsured drivers' (Memorandum of State Exec Dept, 1977 McKinney's Session Laws, ch 892, § 17, p 2445)". *(Matter of Nationwide Mut. Ins. Co. [Miller],* 111 AD2d 438, 439.) If the other vehicle has no insurance, then he is underinsured by the full amount rather than just the inadequate amount of his policy.

Accordingly, this court will not disturb the resolution of the dispute brought to arbitration and confirmed by the motion court. *(See, Maross Constr. v Central N. Y. Regional Transp. Auth.,* 66 NY2d 341, 346.)

Respondent failed to appear at the arbitration proceeding. The record supports a rational basis for the arbitrator to find that petitioner's automobile liability policy included "underinsured" coverage. Furthermore, an insured is not precluded from collecting under his "underinsured" coverage where the other vehicle has no insurance. *(Matter of Nationwide Mut. Ins. Co., supra; Morris v Progressive Cas. Ins. Co.,* 662 F Supp 1489.)

"Underinsurance" coverage is supplementary to uninsured coverage.* It does not only take effect where the other vehicle has some coverage albeit an insufficient amount. Insurance Law § 3420 (f) (2) known as "under-insurance" coverage was enacted to " 'more adequately protect the victims of uninsured drivers' (Memorandum of State Exec Dept, 1977 McKinney's Session Laws, ch 892, § 17, p 2445)". *(Matter of Nationwide Mut. Ins. Co. [Miller],* 111 AD2d 438, 439, *supra.)*

Accordingly, the court adheres to the arbitrator's award. Concur—Murphy, P. J., Milonas, Ellerin, Kupferman and Rubin, JJ.

---

* "Under-insurance" coverage permits insureds to increase their coverage by payment of extra premiums.