■ PREFERRED MUTUAL INSURANCE COMPANY, Appellant, v TIMOTHY J. RYAN et al., Respondents, et al., Defendant.— Casey, J. P. Appeals (1) from an order of the Supreme Court (Cheeseman, J.), entered April 2, 1990 in Albany County, which, *inter alia,* partially granted motions by certain defendants for summary judgment, and (2) from two judgments of said court, entered July 20, 1990 and August 9, 1990 in Albany County, which awarded counsel fees to said defendants.

As the result of a brawl that occurred in the Town of Guilderland, Albany County, on November 26, 1981, Michael

S. Pinchook died. Defendant Sandra M. Pinchook, as the administratrix of his estate, commenced an action against defendants John Purcell, Timothy J. Ryan, Michael W. Ryan and Daniel S. Ryan (hereinafter collectively referred to as defendants). The complaint alleged two causes of action against each defendant; the first cause of action alleged that defendants "did intentionally punch and kick Michael S. Pinchook" causing his death, and the second alleged that defendants "did recklessly and negligently cause injury to and the death of Michael S. Pinchook by repeatedly punching and kicking him". Thereafter the complaint was amended to include six separate causes of action against each defendant. These causes of action can also be divided into alleged intentional and negligent acts.

Plaintiff is the insurance carrier with which each of defendant's parents had a homeowners policy in effect at the time of the altercation. Plaintiff was requested to assume the defense of Pinchook's lawsuit and to pay resulting damages based upon the language of each policy, which provided that: "[Plaintiff] agrees to pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury * * * caused by an occurrence. [Plaintiff] shall have the * * * duty, at its own expense, to defend any suit against the Insured seeking damages on account of such bodily injury * * * even if any of the allegations of the suit are groundless, false or fraudulent". Citing various facts asserted in Pinchook's complaint, plaintiff disclaimed any liability or obligation to defend. Defendants rejected this disclaimer in writing to plaintiff, and defendants subsequently hired independent counsel. Thereafter, defendants moved to dismiss Pinchook's causes of action sounding in intentional tort, pain and suffering and for punitive damages. Supreme Court granted that motion, specifically reserving those portions of Pinchook's complaint which sought recovery based on negligence and wrongful death.

Plaintiff then instituted this action for declaratory relief relieving it of any duty to defend or indemnify defendants in the Pinchook action on the ground that the policy language especially excluded from coverage damages resulting from "bodily injuries * * * which [are] either expected or intended from the standpoint of the Insured". Defendants answered this complaint and counterclaimed for breach of plaintiff's duty to defend and indemnify. Plaintiff replied.

In April 1989, a two-week jury trial in the Pinchook action resulted in a no cause of action verdict as to all remaining

causes of action alleged in Pinchook's amended complaint. Thereafter, in plaintiff's declaratory judgment action, defendants moved for summary judgment and a specified amount in counsel fees, contending that plaintiff's disclaimer was unjustified and constituted a breach of its covenant to defend. Plaintiff cross-moved for the same relief, relying on the language of the policy. Supreme Court found that plaintiff was obligated to defend defendants, granted defendants' motion for summary judgment and denied plaintiff's cross motion. The court determined, however, that a hearing was necessary on the amount of counsel fees due. After the hearing, that amount was fixed by the court at $56,250 and plaintiff was ordered to pay this sum to defendants' attorneys. Plaintiff appeals from the order granting partial summary judgment to defendants and from the judgments ordering plaintiff to pay defendants' counsel fees.

Plaintiff's notice of disclaimer contained no claim that defendants were not insureds within the meaning of the policy, but the issue was raised in the complaint in this declaratory judgment action. The failure to include a specific ground in the notice of disclaimer usually results in a waiver of the insurer's right to assert that ground as a basis for denying coverage (see, Hartford Ins. Co. v County of Nassau, 46 NY2d 1028), but not when the effect of the waiver was to create coverage which the policy was not written to provide (Zappone v Home Ins. Co., 55 NY2d 131). Because plaintiff's policy provides coverage only to those who are insureds within the meaning of the policy, plaintiff's failure to give timely written notice of its claim that defendants were not insureds did not preclude plaintiff from raising that ground in the declaratory judgment action (see, Matter of Fireman's Fund Ins. Co. v Freda, 156 AD2d 364, 366; see also, American Home Assur. Co. v Aprigliano, 161 AD2d 357).

As relevant to this appeal, each of plaintiff's policies provided that " 'Insured' means * * * (2) * * * residents of the Named Insured's household, his spouse, the relatives of either, and any other person under the age of twenty-one in the care of any Insured". It is undisputed that defendants are children of "named insured", but there is no evidence in the record on the issue of where defendants resided at the time of the claimed occurrence. The question arises, therefore, as to which party bore the burden of proof on the cross motions for summary judgment. Citing Matter of Fireman's Fund Ins. Co. v Freda (supra), defendants contend that plaintiff, as the party raising the question of whether defendants are insureds, bore

the burden of proof. The *Fireman's Fund* case, however, involved the insurer's application to stay arbitration, and there is nothing in the court's decision to indicate that the insurer did anything to raise a factual issue other than make a belated disclaimer asserting that the party seeking underinsured motorist benefits was not a resident of the policyholder's household. It is our view that in a declaratory judgment action to declare the parties' rights under an insurance policy, the party asserting that someone other than a named insured is an insured under the policy bears the initial burden of submitting proof in evidentiary form that the alleged insured is, in fact, an insured within the meaning of the policy when the matter has been put in issue by the pleadings *(see, AFA Protective Sys. v Atlantic Mut. Ins. Co.,* 157 AD2d 683, 686; *Pattengell v Welsh,* 81 AD2d 831, *affd* 54 NY2d 917; *cf., Aimatop Rest. v Liberty Mut. Fire Ins. Co.,* 74 AD2d 516). Since defendants failed to meet this burden in their papers in support of their motion for summary judgment, their motion should have been denied.

Ordinarily, we would modify Supreme Court's order by reversing so much thereof as granted partial summary judgment to defendants, reverse the judgments entered thereon and remit the matter to Supreme Court. In view of the limited scope of the factual issue to be resolved, however, and considering the proceedings which occurred after defendants were granted partial summary judgment, and to serve the purpose of judicial economy, we will withhold a final decision on these appeals and remit the matter to Supreme Court for an evidentiary hearing and determination of the factual issue raised by plaintiff's claim concerning defendants' status as insureds.

Weiss, Mikoll, Crew III and Harvey, JJ., concur. Ordered that the decision is withheld, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision.