OPINION OF THE COURT
Stanley Parness, J.
Petitioner, Lumbermen’s Mutual Casualty Company (Lum *483 bermen’s), seeks a permanent stay of the pending arbitration proceeding filed by respondent to recover damages for personal injuries from "underinsurance” coverage which respondent alleges was provided by Lumbermen’s on the vehicle in which the respondent was a passenger.
Respondent, Phyllis Morse, sustained injuries on November 8, 1986 in a New York accident when the vehicle in which she was a passenger was struck in the rear by another vehicle. The carrier of the offending vehicle tendered $10,000, the limits of its liability policy, to respondent who accepted same. Claiming that her damages exceeded that sum, respondent filed claim against Lumbermen’s as carrier of the host vehicle for "supplementary uninsured motorists insurance” (underinsurance coverage).
Lumbermen’s alleges that the policy covering its insured did not include such coverage. It further alleges that underinsurance coverage was made available to but was not purchased by Johnson & Johnson, the lessee of the vehicle, nor by the lessor-owner, D.L. Peterson Trust, who is named as an additional insured in said policy. Thus, claims Lumbermen’s, there was no "underinsurance” coverage in effect on the vehicle on the date of the accident and moves to stay the arbitration proceeding.
Respondent bases its claim for such coverage on the fact that the vehicle was registered in the State of Rhode Island whose statutes (RI Gen Laws §§ 31-31-7, 27-7-2.1) mandate that all liability policies "delivered or issued for delivery” in Rhode Island covering any motor vehicle "registered or principally garaged in” Rhode Island provide "uninsured motorist coverage” of at least $25,000 per person and $50,000 per accident. Section 27-7-2.1 (B) (1) provides that the term "uninsured motorist” shall include an "underinsured motorist”.
Claiming that respondent’s personal injuries sustained in the accident entitle her to a greater sum than the $10,000 received from the offending vehicle, respondent made claim against Lumbermen’s for the value thereof after crediting the $10,000 already received.
Petitioner denies the applicability of the Rhode Island statutes and alleges that the policy it issued precludes such coverage. A relevant endorsement in that policy provides as follows: " 'Uninsured Motorists Coverage’. It is agreed that insurance against uninsured motorists coverage applies only in those states where such coverage is statutory and then only for the statutory limit of liability.”
*484 Unlike the statutory definition in Rhode Island, "underinsurance” coverage in New York State is not the equivalent of "uninsured” motorist coverage. In Rhode Island the term "uninsured” encompasses both "uninsured motorist coverage”, i.e., for noninsured accidents, hit-and-run cases, etc., and "underinsured” cases, i.e., cases where the offending vehicle carried insurance but which was less than that of the insured’s vehicle. In New York, the term used in Insurance Law § 3420 (f) (2) to describe "underinsured” coverage is "supplementary uninsured motorists insurance.” This subdivision provides that liability policies issued or delivered in New York, "shall, at the option of the insured, also provide supplementary uninsured motorists insurance for bodily injury * * * to a maximum of [$100,000] because of * * * injury to * * * one person [and] up to [$300,000] because of * * * injury to * * * two or more persons”. Insurance Law § 3420 (f) (2) thus defines a form of coverage distinct from ordinary "uninsured motorists coverage” required to be carried in all policies covering cases in which a person is injured due to the fault of an uninsured or unidentified vehicle, a stolen vehicle or where the carrier of such vehicle has disclaimed coverage. (See, Reichel v Government Employees Ins. Co., 66 NY2d 1000 [1985]; Morris v Progressive Cas. Ins. Co., 662 F Supp 1489, 1494 [SD NY 1987].)
Crucial to distinguish the statutory structure of "underinsured coverage” in Rhode Island from that in New York is that "underinsured” coverage in New York (i.e., supplementary uninsured motorists insurance) need only to be offered to an insured whose option it is to obtain it. In Rhode Island both "uninsured” and "underinsured” coverage are mandatory in the amounts set forth by statute. In the instant case, the insured, Johnson & Johnson, did not opt to purchase supplementary uninsured motorists insurance.
Respondent argues that because the vehicle was registered in Rhode Island, its statutes (§§ 31-31-7, 27-7-2.1) have extraterritorial effect and should be controlling in New York to impose upon the parties and their contract the underinsurance coverage set forth therein.
The question is not without difficulty of resolution for it places into opposing positions the contractual terms of the endorsement against Rhode Island’s statutes which mandate underinsurance coverage on vehicles registered or principally garaged in that State where policies are delivered or issued for delivery in Rhode Island.
*485 The general rule of contracts — even as to choice of law — is that the intention of the parties controls the interpretation of the contract (Ehrenzweig, Conflict of Laws § 186, at 494). Said the court in Lauritzen v Larsen (345 US 571, 589 [1953]), "the tendency of the law is to apply in contract matters the law which the parties intended to apply.”
There are at times exceptions to this rule which may override the parties’ contractual intentions such as where a contractual provision contravenes a State’s public policy or must submit to the mandates of a statute with different result. Whether that exists here is to be explored. The accident in this case occurred in New York between residents of New York and a New Jersey resident, Johnson & Johnson, the lessee of the insured vehicle and the operator thereof, its employee, also a New Jersey resident. The proceeding is pending in this State. The only contact with Rhode Island in this case is that the leased vehicle was registered in that State but the policy insuring it was issued and delivered in New Jersey.
In such circumstances, it is clear that New York has the greatest focus of relevant contacts and is the State with the prime interest in the resolution of this proceeding. Its laws should control the litigation. If the accident had occurred in Rhode Island pursuant to the endorsement contained in the policy issued, and the policy delivered or issued for delivery in that State, its laws governing mandatory underinsurance coverage on vehicles registered or principally garaged in that State would be applicable by reason of the focus of events, the cited statutes and expressed public policy of that State. That is not the case for it is in the State of New York where the events occurred and where the claimant is a resident. The public policy of Rhode Island as expressed in section 27-7-2.1 should not, therefore, be given extraterritorial effect in circumstances having little or no relation to Rhode Island. That State’s public policy cannot serve as the support for respondent’s argument.
Neither does the endorsement in the policy cited herein vary the result. Its provisions comply with the laws of New York and with the requirements of Rhode Island in stating that uninsured benefits of the States are applicable "only in those states where such coverage is statutory.” This endorsement is clearly expressive of the parties’ intent to limit coverage to the minimal required to meet the statutory man *486 dates of that State which is found to be applicable in a given situation. The endorsement does not require inclusion of Rhode Island’s underinsured coverages in all accidents regardless of the circumstances and place of occurrence.
In this case it is New York which has the greatest interest in this occurrence and its laws should govern the events within its borders, including coverage requirements. The policy as written complies with New York’s Insurance Law § 3420 (f) (1) and (2) which, as stated, does not require the inclusion of underinsurance coverage. It is beyond the power of the court to rewrite the terms of the parties’ contract where they have excluded an optional coverage therefrom. (Continental Ins. Co. v Reilly, 143 AD2d 64 [2d Dept 1988]; Matter of Metropolitan Prop. & Liab. Ins. Co. v Villarrubia, 119 AD2d 576 [2d Dept 1986].)
Remaining is the solitary fact of the vehicle’s registration in Rhode Island, itself, an insufficient nexus on which to impose Rhode Island’s laws upon these parties. No party herein is a resident of Rhode Island nor did the accident occur therein. Rhode Island’s interest is at best remote. As Rhode Island will not impose the greater coverages of its uninsured motorists law on nonresidents as a condition of driving on its highways (Martin v Lumbermen’s Mut. Cas. Co., 559 A2d 1028 [RI 1989]), neither can its laws be imposed upon nonresidents for events taking place outside its borders.
The incident of the vehicle’s registration in Rhode Island alone is an insufficient contact upon which to expand the coverage which the parties specifically limited in their contract of insurance.
In the absence of such additional coverage, respondent’s demand for arbitration must fail.
Accordingly, the petition to permanently stay the arbitration proceeding is granted.