■ NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant, v MARIJEAN NICHOLS, Respondent. (Appeal No. 1.) [596 NYS2d 744] —Appeal unanimously dismissed without costs *(see, Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985). (Appeal from Order of Supreme Court, Erie County, Francis, J.—Arbitration.) Present—Pine, J. P., Balio, Lawton, Boomer and Davis, JJ.

■ NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant, v MARIJEAN NICHOLS, Respondent. (Appeal No. 2.) [596 NYS2d 621] —Order unanimously affirmed without costs. Memorandum: We reject petitioner's argument that the arbitration was compulsory and, therefore, subject to the broad judicial review available in CPLR article 78 proceedings *(compare, Motor Vehicle Mfrs. Assn. v State of New York,* 75 NY2d 175, 186; *Caso v Coffey,* 41 NY2d 153; *Mount St. Mary's Hosp. v Catherwood,* 26 NY2d 493, 508, *rearg denied* 27 NY2d 737). The parties' insurance contract included a provision for arbitration where there is a dispute "[w]hether that person is legally entitled to recover damages under this Part C [uninsured motorists coverage]". Therefore, petitioner must be deemed to have voluntarily consented to the arbitration and the CPLR article 75 standard of judicial review applies *(see, Murphy v Wack,* 177 AD2d 382, 383, *appeal dismissed* 79 NY2d 977). Thus, here, the arbitrator's "award may not be vacated unless it is violative of a strong public policy, is totally irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" *(Matter of Town of Callicoon [Civil Serv. Empls. Assn.],* 70 NY2d 907, 909; *see also,* CPLR 7511 [b] [1] [iii]; *Matter of Silverman [Benmor*

*Coats],* 61 NY2d 299, 308, *rearg denied sub nom. Norris v Cooper,* 62 NY2d 803). "Moreover, absent provision in the arbitration clause itself, an arbitrator is not bound by principles of substantive law or by rules of evidence" *(Matter of Silverman [Benmor Coats], supra,* at 308).

Application of the foregoing standard forces the conclusion that the arbitrator's award has a rational basis, is not violative of a strong public policy and the arbitrator did not exceed his powers *(see, Hae Sup Kim v General Acc. Fire & Life Ins. Co.,* 171 AD2d 404; *see also, Morris v Progressive Cas. Ins. Co.,* 662 F Supp 1489 [SD NY]).

Finally, were we to find that the arbitration herein was compulsory, we would conclude that the award is "in accord with due process and supported by adequate evidence in the record" and is "rational and satisf[ies] the arbitrary and capricious standards of CPLR article 78" *(Motor Vehicle Mfrs. Assn. v State of New York, supra,* at 186). (Appeal from Order of Supreme Court, Erie County, Francis, J.—Reargument.) Present—Pine, J. P., Balio, Lawton, Boomer and Davis, JJ.