■ In the Matter of STATE FARM MUTUAL INSURANCE COMPANY, Appellant, v DIANE AMAROSA, Respondent. [617 NYS2d 35] —In a proceeding pursuant to CPLR article 75 to stay arbitration of a supplementary uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Suffolk

County (Cohalan, J.), dated February 2, 1993, which denied the petition.

Ordered that the order is affirmed, with costs.

The respondent was injured while a passenger in a vehicle which was involved in an accident with an uninsured vehicle. The vehicle in which she was a passenger had uninsured motorist coverage in the amount of $10,000/$20,000, which was offered to the respondent. She then sought to recover supplementary uninsured motorist coverage from the petitioner under the terms of the policy purchased by her spouse and under which she was covered, and demanded arbitration when the petitioner refused to provide such coverage. In turn, the petitioner commenced this proceeding to stay arbitration, arguing that supplementary uninsured motorist coverage is not available where the offending vehicle is uninsured and uninsured motorist coverage is available. The Supreme Court denied the petition, and this appeal ensued.

The policy under which the respondent seeks to recover supplementary uninsured motorist benefits defines an uninsured automobile as one which is either not insured for bodily injury or which is insured for bodily injury in amounts the total of which is less than the total amount of the policy under which the respondent seeks supplementary uninsured motorist benefits. Given that the limits of the uninsured motorist coverage available to the respondent is less than the limits of the policy provided by the petitioner, the respondent is entitled to supplementary uninsured motorist coverage thereunder (see, Matter of Fireman's Fund Ins. Co. v Freda, 156 AD2d 364, 365; Insurance Law § 3420 [f] [2]). Thompson, J. P., Lawrence, Pizzuto and Friedmann, JJ., concur.