■ In the Matter of the Arbitration between UTICA MUTUAL INSURANCE COMPANY, Respondent, and JASON M. HURD, Appellant. [634 NYS2d 320] —Order and judgment reversed on the law with costs and petition dismissed. Memorandum: Supreme Court should have denied petitioner's application to stay the arbitration of respondent's claim for underinsured benefits.

On July 30, 1988, respondent was seriously injured when his car was struck from the rear by a vehicle that was not covered by a liability insurance policy. At the time of the accident, respondent had a policy of insurance with petitioner that provided both uninsured and underinsured motorist coverage. In November 1993 petitioner paid respondent the uninsured motorist benefits under the policy and denied his claim for underinsured benefits. Respondent demanded arbitration and petitioner sought to stay that demand. Supreme Court granted petitioner's application for a stay of arbitration. That was error.

Under the terms of petitioner's policy, a claim for underinsured benefits requires that "the owner's or operator's liabilities for the [insured's] damages must arise out of the * * * use of the 'underinsured motor vehicle'." An underinsured motor vehicle is defined in the policy as a motor vehicle "to which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the limit of liability for this coverage." Those provisions must be interpreted "in accordance with [their] understanding by the average man" *(Miller v Continental Ins. Co.,* 40 NY2d 675, 676). An average man who purchases underinsured coverage could reasonably believe that he is being protected whether a negligent party has no insurance or insufficient insurance. Both uninsured coverage and underinsured coverage serve the identical purpose of protecting the insured against losses inflicted by financially insecure parties. Indeed, the terms "underinsured" and "uninsured" have even caused confusion in the courts and in the insurance industry *(see, e.g., Reichel v Government Empls. Ins. Co.,* 66 NY2d 1000, 1003; *Metropolitan Prop. & Liab. Ins. Co. v Cassidy,* 127 Misc 2d 641; *Gull v General Acc. Fire & Life Assur. Corp.,* 121 Misc 2d 721). It is because of that confusion that the Superintendent of Insurance recently promulgated 11 NYCRR subpart 60-2, whereby both terms are now, for all practical purposes, synonymous. Because the language in the policy does not clearly distinguish between the two types of coverage, the policy is ambiguous. Consequently, it is for the arbitrator to determine whether the underinsured coverage in the policy provides benefits when the accident involves a vehicle that has no insurance *(see, Hae Sup Kim v General Acc. Fire & Life Ins. Co.,* 171 AD2d 404).

All concur except Doerr and Boehm, JJ., who dissent and vote to affirm in the following Memorandum.

Doerr and Boehm, JJ. (dissenting). We respectfully dissent. Unlike the majority, we are of the opinion that there is a

comprehensible and unambiguous distinction between the terms "uninsured" and "underinsured".

Preliminarily, the purpose of uninsured motorist coverage is to afford an insured protection if he or she is involved in an accident with a tortfeasor who is not covered by a liability policy or who has "an applicable bond or policy with a limit for bodily injury liability that is less than the minimum limit for bodily injury liability specified by the financial responsibility law of this State *(see,* Vehicle and Traffic Law § 311 [4])" *(Matter of Fireman's Fund Ins. Co. v Freda,* 156 AD2d 364, 365). On the other hand, underinsurance motorist coverage affords protection to an insured if a tortfeasor has a policy of liability insurance with limits that are lower than the insured's liability limits *(see, Continental Ins. Co. v Reilly,* 143 AD2d 64, 65-66).

Supplementary uninsured motorist coverage affords protection if the tortfeasor is either uninsured or underinsured *(see,* Insurance Law § 3420 [f] [2]). Insurance Law § 3420 (f) (2) provides that, upon an insured's request, the insurer is required to provide supplementary uninsured motorist insurance and that, if the insured requests such supplementary uninsured motorist insurance, the insurer must also provide coverage for underinsured vehicles. However, there is no requirement in the statute that, if the insured purchases underinsurance coverage, the insurer must also provide supplementary uninsured motorist coverage. Petitioner points out that 11 NYCRR 60-2.3 (b) establishes mandatory supplementary uninsured motorist coverage for policies issued or renewed on or after October 1, 1993, but that regulation has no effect on the subject policy, which was issued prior to the effective date of the regulation *(see, Matter of United States Fire Ins. Co. v Fotinakos,* 203 AD2d 296). Although Hurd purchased underinsurance coverage, he did not exercise his option to purchase supplementary uninsured motorist insurance under section 3420 (f) (2).

Hurd cites various authorities, including *Reichel v Government Empls. Ins. Co.* (66 NY2d 1000), in support of his argument that, when an insurance carrier issues an underinsurance endorsement, the carrier must afford supplementary uninsured motorist coverage. However, the Court of Appeals in that case was dealing with a supplementary uninsured motorist endorsement, as opposed to an underinsured motorist endorsement. Although a supplementary uninsured motorist endorsement affords protection if the tortfeasor is uninsured, an underinsured motorist endorsement does not.

The Second Department in *Continental Ins. Co. v Reilly*

*(supra,* at 66) distinguished *Reichel v Government Empls. Ins. Co. (supra),* noting that the policy in *Reichel* had a "broader definition of supplementary uninsured motorist coverage." The Second Department held that the law did not prevent an insurance carrier from using a more restrictive underinsurance endorsement that provided protection only against an underinsured driver. In holding that underinsurance coverage did not apply when the offending driver was uninsured, the Court stated that "there is nothing in the law which would permit this court to rewrite the parties' agreement so as to make the petitioner's underinsured motorists coverage applicable to this case, regardless of its unambiguous language" *(Continental Ins. Co. v Reilly, supra,* at 65-66; *see also, Matter of Fireman's Fund Ins. Co. v Freda,* 156 AD2d 364, 365, *supra; Matter of United Community Ins. Co. v Mucatel,* 127 Misc 2d 1045, *affd* 119 AD2d 1017, *affd* 69 NY2d 777).

Under the terms of petitioner's policy here, a claim for underinsurance benefits requires that "the owner's or operator's liabilities for the [insured's] damages must arise out of the * * * use of the 'underinsured motor vehicle'." An underinsured motor vehicle is expressly defined in the policy as a motor vehicle "to which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the limit of liability for this coverage." Therefore, to be an "underinsured" vehicle within the clear meaning of the policy, (1) the vehicle must be one to which a policy of insurance "applies" at the time of the accident, and (2) the policy must have limits lower than the insured's policy. Because Funk, the offending driver, had no insurance policy whatsoever at the time of the accident, it is difficult to see how his vehicle may be regarded as an "underinsured vehicle" as defined by the policy.

The majority relies upon *Hae Sup Kim v General Acc. Fire & Life Ins. Co.* (171 AD2d 404) to support its position that underinsurance coverage applies when the offending vehicle is uninsured. In *Kim,* the First Department held that the arbitrator's decision that the insured's underinsurance coverage applied to uninsured vehicles was not irrational, noting that the policy was ambiguous and, therefore, must be construed against the insurer. The decision does not set forth the terms and definitions of the policy. To the extent that the First Department generally construed underinsurance coverage as also covering uninsured vehicles, its determination is in direct conflict with its earlier affirmance of a decision that held: "Underinsured motorist coverage presupposes that the

offending vehicle has liability insurance coverages for at least the minimal amount of coverage required by law in those States requiring such insurance" *(Matter of United Community Ins. Co. v Mucatel,* 127 Misc 2d 1045, 1046, *affd* 119 AD2d 1017, *affd* 69 NY2d 777, *supra). Kim* also conflicts with the Second Department's decisions in *Fireman's Fund Ins. Co. v Freda (supra)* and *Continental Ins. Co. v Reilly (supra),* and we should decline to follow it. (Appeal from Order and Judgment of Supreme Court, Erie County, Flaherty, J.—Arbitration.) Present—Green, J. P., Lawton, Fallon, Doerr and Boehm, JJ.