**SUPERIOR COURT**
**OF THE**
**STATE OF DELAWARE**

ABIGAIL M. LEGROW
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
TELEPHONE (302) 255-0669

Submitted: March 31, 2017
Decided: June 23, 2017

"J" Jackson Shrum, Esquire
Werb & Sullivan
300 Delaware Avenue, Suite 1300
Wilmington, DE 19899

Artemio C. Aranilla, II, Esquire
Marshall Dennehey Warner
Coleman & Goggin
P.O. Box 8888
Wilmington, DE 19899

RE: **John Vaughn vs. Stillwater Property & Casualty Insurance Co.**
**C.A. No. N15C-05-035 AML**

Dear Counsel:

The plaintiff, a homeowner whose residence and personal property were damaged in a fire, seeks coverage under a homeowner's policy on which his ex-wife was the sole named insured. At the beginning of the policy period, the plaintiff and the named insured were married and residing together. On the date of the fire, however, the plaintiff was divorced from the named insured and she no longer resided in the home. The insurance company covered the damage to the residence, but denied coverage for damage to the plaintiff's personal property because he was neither a named insured nor a relative of the named insured on the date of loss. The insurance company maintained its denial of coverage after the

plaintiff submitted a policy amendment adding himself as a named insured. This case presents two core issues. First, what is the relevant date for determining coverage under an insurance policy: the effective date of the policy or the date of loss? Second, if the date of loss is the determinative date, is the policy amendment retroactive to the date of loss? I conclude the date of loss is the relevant date for coverage purposes and the policy amendment was not retroactive. I therefore grant summary judgment for the insurance company. My reasoning follows.

**Background**

The following facts are undisputed or drawn from the uncontested documents attached to the parties' briefs. The parties filed cross-motions for summary judgment and neither party contends material disputed facts preclude entry of judgment as a matter of law.

On December 17, 2009, the plaintiff, John Vaughn, jointly purchased 1803 Belfield Avenue, Wilmington, Delaware (the "Property") with non-party Samantha Brocklesby ("Ms. Brocklesby"). Both the plaintiff and Ms. Brocklesby were named on the deed and in the mortgage documents associated with the purchase of the Property.[1] For unknown reasons, however, only Ms. Brocklesby, who at the time was unmarried, filled out an application for homeowner's insurance. Ms.

---

[1] D.I. 31, Undisputed Background Facts ¶ 2.

Brocklesby was the only named insured under the homeowner's insurance policy issued for the Property (the "Policy").[2]

The Policy initially was issued by a predecessor-in-interest to the defendant, Stillwater Property & Casualty Insurance Company ("Stillwater"), and the Policy annually was renewed. The Policy in effect on the date of the fire covered the period from December 17, 2013 to December 17, 2014. The premium payments for the Policy were escrowed through the mortgage company and paid by Vaughn or Ms. Brocklesby as part of their mortgage.[3] The bills for the Policy identified only Ms. Brocklesby as the named insured, but it is unclear whether bills were mailed to the Property since the premium payments were escrowed.[4]

Although Ms. Brocklesby was the only named insured on the Policy until August 29, 2014, the Policy covered certain others who resided with her. Specifically, the Policy defined "Insured" as:

> (a)  You and residents of your household who are:
> (1) Your relatives; or
> (2) Other persons under the age of 21 and in your care or the care of a resident of your household who is your relative;
> (b)  A student enrolled in school full-time . . . provided the student is under the age of:
> (1) 24 and your relative; or

---

[2] *Id.* at ¶ 3; Def.'s Opening Br. Support Mot. Summ. J. Ex. C.
[3] Vaughn alleges, and the Court assumes for purposes of the pending motions, that he solely paid the mortgage.
[4] Def.'s Opening Br. Support Mot. Summ. J. Ex. B.

> (2) 21 and in your care or the care of a resident of your household
> who is your relative.[5]

The Policy also defined "You" and "Your" as "the 'named insured' shown in the Declarations and: (1) The spouse; or (2) a Party who, with the 'named insured', has entered into a civil union recognized under Delaware law; If a resident of the same household."[6]

Although they were not married at the time the Policy initially was issued, Vaughn and Ms. Brocklesby married on December 28, 2012.[7] They separated less than a year later, on or about July 22, 2013, and formally divorced on March 6, 2014.[8] Two months later, Vaughn and Ms. Brocklesby's agreement regarding the division of assets was entered by the Family Court as an order of that Court (the "Ancillary Order").[9] It appears Ms. Brocklesby still was residing in the Property with Vaughn at the time the Family Court entered the Ancillary Order. As to the Property, the Ancillary Order provided:

> The parties are joint owners of [the Property]. The parties agree that
> [the Property] shall be [Vaughn's] property. [Vaughn] does not have

---

[5] Pl.'s Answering Br. Support Mot. Summ. J. Ex. B, "Homeowners 3 Special Form."

[6] Def.'s Opening Br. Support Mot. Summ. J. Ex. L at STILL0084.

[7] *Id.* at Ex. A at 1. This is the marriage date listed in the Ancillary Order signed by the parties and issued by the Family Court. Other documents in the record indicate Vaughn and Ms. Brocklesby were married on December 28, 2009. *See, e.g. id.* at Ex. J at 2 ("The mortgage documents [for the Property], recorded on December 31, 2009, list[] both Mr. Vaughn and Ms. Brocklesby as husband and wife grantees/owners."). The discrepancy is not material to this case's resolution.

[8] *Id.* at Ex. A at 2; D.I. 31, Undisputed Background Facts ¶ 4.

[9] Def.'s Opening Br. Support Mot. Summ. J. Ex. A.

to pay any monies to [Ms. Brocklesby] for her interest in the [P]roperty, but [Vaughn] must refinance the mortgage into his sole name within sixty (60) days of the date of this agreement. [Vaughn] shall also remove [Ms. Brocklesby's] name from all other debts and liabilities associated with the [P]roperty within sixty (60) days of the date of this agreement. At the time [Vaughn] removes [Ms. Brocklesby's] name from the mortgage, [Ms. Brocklesby] shall sign the deed to the home into [Vaughn's] sole name. Until [Ms. Brocklesby's] name is removed from the mortgage on the home, she shall be entitled to reside in the home.

If [Vaughn] cannot refinance the mortgage into his sole name within sixty (60) days, then [the Property] shall immediately be placed on the market for sale. . . . As long as [Ms. Brocklesby] is residing in the [P]roperty, [Vaughn] shall pay the mortgage and [Ms. Brocklesby] shall pay the other ordinary monthly expenses for the home . . . . Once [Ms. Brocklesby] moves from the home[,] [Vaughn] shall be solely responsible for all expenses for the home.

It appears Vaughn was unable to refinance the mortgage into his sole name within the 60-day time period established in the Ancillary Order, but Vaughn and Ms. Brocklesby agreed to extend that period.[10] Shortly thereafter, on August 3, 2014 (the "Date of Loss"), a fire occurred on the Property, damaging both the residence and Vaughn's personal property. On the Date of Loss, Ms. Brocklesby was not living in the Property, and she and Vaughn were divorced.

Stillwater covered the damage to the residence, but refused Vaughn's claim for damage to his personal property and his expenses for alternate living arrangements, concluding he was not an insured on the Date of Loss. Three weeks

---

[10] *See* Pl.'s Answering Br. Support Mot. Summ. J. 6-7.

after the Date of Loss, Vaughn contacted the servicing agent for the Policy, who submitted a "policy change update" adding Vaughn as a named insured.[11] The amended declaration page (the "Amended Declaration") issued after the policy change, lists both Vaughn and Ms. Brocklesby as named insureds, indicates the amendment "added spouse," and lists the effective date for the amendment as August 29, 2014.[12] Stillwater continued to deny Vaughn's claim for personal property damage and living expenses, taking the position that the amendment was not retroactive and therefore Vaughn could not make a claim under the Policy.

Vaughn then filed this action alleging claims for breach of contract and bad faith. After the parties completed discovery, they filed cross-motions for summary judgment. Both parties agreed the case likely could be resolved on summary judgment and the trial date therefore was removed from the Court's calendar. After reviewing the parties' initial briefs, I sought certain additional submissions by the parties. More specifically, as a result of the argument Stillwater raised that Vaughn had named the incorrect party as the defendant, I directed Vaughn to amend the pleadings to correct that error. I also directed the parties to submit a statement of undisputed facts along with simultaneous supplemental briefs addressing what was then (and remains now) the fundamental question in the case:

---

[11] Def.'s Opening Br. Support Mot. Summ. J. Ex. F.

[12] *Id.* at Ex. D.

"under the law, when is coverage under an insurance policy determined: at the beginning of the policy period, at the date of loss, or at some other date?" After supplemental briefing and argument, I took the parties' motions under advisement. This is my decision resolving those motions.

## The Parties' Contentions

Stillwater argues it is entitled to summary judgment as to both Vaughn's claims because he was not an insured on the Date of Loss. Stillwater asserts Vaughn neither was residing with Ms. Brocklesby at the Property on that date, nor was he her spouse or relative. Stillwater further argues that the Amended Declaration is unambiguous and the addition of Vaughn as a named insured was not effective until August 29, 2014, after the Date of Loss.

Vaughn, on the other hand, argues Stillwater breached the Policy and denied his claim in bad faith because he met the definition of "Insured" on the Policy's effective date, December 17, 2013, and that date is determinative for coverage purposes. Vaughn alternatively contends that even if coverage is determined as of the Date of Loss, the Amended Declaration lists him as an insured, and that amendment plainly was retroactive to the Date of Loss because it merely corrected an error the parties previously overlooked. At worst, Vaughn argues, the Amended Declaration is ambiguous and must be interpreted in favor of the insured and against the Policy's drafter, Stillwater. Finally, Vaughn asserts that, even if his

other arguments fail, he is entitled to summary judgment because it would be "inequitable, unfair, and unconscionable" not to allow his claim.[13]

## Analysis

Summary judgment should be awarded if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[14] Where, as here, the parties have filed cross motions for summary judgment and have not argued an issue of material fact precludes "disposition of either motion, the Court shall deem the motions to be the equivalent of a stipulation for decision on the merits based on the record submitted with the motions."[15]

### 1. Coverage under the Policy is determined on the Date of Loss.

It is undisputed that Vaughn was an "Insured" under the Policy on its effective date, December 17, 2013. On that date, Vaughn and Ms. Brocklesby legally were married and residing in the same household. Eight months later, however, on the Date of Loss, Vaughn did not meet the definition of "Insured," because he was neither Ms. Brocklesby's spouse nor a relative residing in her

---

[13] Pl.'s Answering Br. Support Mot. Summ. J. 14.
[14] Super. Ct. Civ. R. 56(c).
[15] *Id.* 56(h).

household. The first question, therefore, is what date applies to a coverage determination.

Stillwater points to decisions of this Court determining insurance coverage based on circumstances existing on the date of loss, as well as decisions of other state and federal courts expressly stating that the date of loss is determinative for coverage purposes.[16] Vaughn, although acknowledging "the insurable interest of the parties to an insurance contract is determined by the facts existing at the time of the loss,"[17] argues he had an insurable interest in the Property because he was a mortgagee, co-owner, and resident of the Property. Vaughn, however, then confusingly argues that "the relevant date for insurance coverage purposes is the inception date of the policy period . . . ."[18]

Precedent in both this court and other jurisdictions provides that the date of loss is the determinative date for purposes of defining the scope of coverage under an insurance policy.[19] Although specifically requested by the Court, Vaughn

---

[16] Def.'s Suppl. Br. 2-9.

[17] Pl.'s Suppl. Br. 2.

[18] *Id.* at 3. This argument appears to conflate insurable interest and insurance coverage.

[19] For example, this Court has considered whether a person was a resident of a household on the date of loss to determine coverage under an insurance policy. *See, e.g. Cullen v. Dudley*, 2013 WL 422872, at *1 (Del. Super. Jan. 29, 2013); *Engerbretsen v. Engerbretsen*, 675 A.2d 13, 20 (Del. Super. 1995); *Harleysville Mut. Cas. Ins. Co. v. Carroll*, 123 A.2d 128, 131 (Del. Super. 1956). Other states and federal courts explicitly have held that the date of loss is the relevant consideration to determine coverage. *See, e.g. Fussell v. AMCO Ins. Co.*, 2013 WL 127675, at *9 (E.D. Cal. Jan. 9, 2013) (citing numerous California state court decisions determining insurance coverage based on conditions existing on the date of an accident or loss); *Agee v.*

identified no authority to the contrary.[20] This rule is both logical and fair, because it relies on the circumstances existing on the date of loss, without unnecessarily including people who, due to changed circumstances, no longer meet the conditions for coverage, while including those who did not meet the conditions for coverage on the effective date but do as of the date of loss. As the Third Circuit explained, any other conclusion would "lead to an unreasonable result."[21] A rule that a party is entitled to coverage as long as he meets the definition of insured at some point during the policy period would allow insureds to "affect the scope of their policies," which could not be the result the parties intended.[22]

On August 3, 2014, Vaughn was not a named insured, the spouse of the named insured, or otherwise an "Insured" within the definitions of the Policy. He argues, however, he was added as a named insured shortly thereafter and that amendment was retroactive to the Date of Loss. That question requires the Court to construe the terms of the Policy, specifically the Amended Declaration.

---

*Traveler's Indem. Co.*, 264 F. Supp. 322, 328 (W.D. Okla. 1967) (holding that a wife who divorced the named insured five days before the date of loss was not an insured on the date of loss and was not entitled to coverage); *State Farm Mut. Auto. Ins. Co. v. Quinn*, 62 F. App'x 425, 429-30 (3d Cir. 2003); *Fireman's Fund Ins. Co. v. Freda*, 156 A.D.2d 364, 365-66 (N.Y. App. Div. 1989).

[20] *See* D.I. 27.
[21] *Quinn*, 62 F. App'x at 429.
[22] *Id.*

### 2. The Amended Declaration does not bestow coverage retroactively.

Vaughn contends the Amended Declaration, which added him as a named insured, unambiguously indicates Ms. Brocklesby and Vaughn were "named insureds under the policy on the date of loss."[23] Stillwater conversely contends the Amended Declaration unambiguously indicates the amendment adding Vaughn was not effective until August 29, 2014, some three weeks after the Date of Loss.

Contractual interpretation, including insurance contracts, is a question of law susceptible to familiar rules.[24] If language in an insurance contract is clear and unambiguous, that language will be given its plain meaning, and this Court will not "destroy or twist the words under the guise of construing them."[25] All pertinent provisions of the policy must be read together.[26] A contract is not ambiguous merely because the parties disagree about its meaning. Rather, this Court will find ambiguity only when the language at issue fairly is susceptible to two or more interpretations.[27]

On its face, the Amended Declaration provides that the amendment added a "spouse," that is, Vaughn, and that the change was effective August 29, 2014. Put

---

[23] Pl.'s Suppl. Br. 5.
[24] *Hudson v. State Farm Mut. Ins. Co.*, 569 A.2d 1168, 1170 (Del. 1990); *Klair v. Reese*, 531 A.2d 219, 222 (Del. 1987).
[25] *Hallowell v. State Farm Mut. Auto. Ins. Co.*, 443 A.2d 925, 926 (Del. 1982); *see also Johnson v. Tally Ho, Inc.*, 303 A.2d 677, 679 (Del. Super. 1973).
[26] *Keesey v. Dombrowski*, 1994 WL 465541, at *3 (Del. Super. July 21, 1994).
[27] *Rhone-Poulenc Basic Chems. Co. v. Am. Motorists Ins. Co.*, 616 A.2d 1192, 1196 (Del. 1992).

simply, the only reasonable interpretation of this one-page document is that Vaughn was added as a named insured effective on that date. Nothing on the face of the Amended Declaration indicates it is retroactive; the effective date unambiguously indicates the amendment was prospective. Having concluded the Amended Declaration is not ambiguous, I cannot apply the principle of *contra proferentem* to construe the language in Vaughn's favor.[28] Because the effective date was after the Date of Loss, the Amended Declaration does not confer coverage on Vaughn.

### 3. Principles of "equity" or "fairness" cannot vary the terms of the unambiguous Policy.

Finally, Vaughn argues it would be unfair and inequitable to interpret the Policy in a manner that excludes him from coverage because he alone paid all the mortgage payments, including the escrowed Policy premiums, and the oversight in omitting him as a named insured was unintentional and unknown to him until after the Date of Loss. Vaughn argues, in essence, that Stillwater should not be permitted to accept the Policy premiums but exclude him from coverage.

This argument fails to persuade for a number of reasons. First, Vaughn cites no authority for his reliance on "equity" to vary the terms of the contract, and the argument squarely contradicts fundamental principles that parties are bound by the

---

[28] Ambiguous language in an insurance contract is construed against the drafter of the policy. *Steigler v. Ins. Co. of N. Am.*, 384 A.2d 398, 400 (Del. 1978).

unambiguous terms of their agreements.[29]  Second, although there is a mechanism under Delaware law to reform a contract for error, Vaughn did not assert that claim, nor does this Court have jurisdiction to grant that relief.[30]  Third, even if principles of fairness were relevant to issues before the Court, Vaughn has not pointed to any evidence that Stillwater was aware of the error, but remained silent, or otherwise acted inequitably to exclude Vaughn from coverage.  Even if, as Vaughn alleges, Stillwater was aware that Vaughn's name was on the deed and the mortgage, or that he made the mortgage payments, there is no fair inference to be drawn that Stillwater knew, at any time before the Date of Loss, that Vaughn was residing in the Property but not covered under the Policy's terms.

For the foregoing reasons, Stillwater's Motion for Summary Judgment is **GRANTED** and Vaughn's Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED.**

Very truly yours,

Abigail M. LeGrow, Judge

Original to Prothonotary

---

[29] *ConAgra Foods, Inc. v. Lexington Ins. Co.*, 21 A.3d 62, 69 (Del. 2011); *Hallowell*, 443 A.2d at 926.
[30] *Monsanto Co. v. Aetna Cas. & Surety Co.*, 1989 WL 997183, at *1-2 (Del. Super. Sept. 29, 1989); *Danner v. Hertz Corp.*, 1985 WL 552292, at *3 (Del. Super. Jan. 15, 1985).