■ EMPLOYERS INSURANCE OF WAUSAU, Appellant, v COUNTY

OF NASSAU, Respondent, et al., Defendants.—In an action for a judgment declaring the scope of coverage of a policy of insurance, the plaintiff appeals from an order of the Supreme Court, Nassau County (Christ, J.), dated October 6, 1987, which granted the motion of the defendant County of Nassau for summary judgment, denied the plaintiff's cross motion for summary judgment, and declared that the plaintiff has an obligation to defend the County of Nassau in an underlying negligence action entitled *Karpowitz v County of Nassau* (index No. 8324/84).

Ordered that the order is reversed, on the law, with costs, the defendant's motion is denied, the plaintiff's cross motion is granted, and it is declared that the plaintiff has no obligation or duty to defend the County of Nassau in the underlying negligence action.

Pursuant to an agreement between a contractor and the respondent County of Nassau for the contractor to resurface certain roads in Nassau County, the appellant, an insurance company, issued a policy providing coverage for liability arising out of negligent operations or supervision in the course of the resurfacing project. Subsequently, a claim of negligence arising out of a fatal motorcycle accident was brought against the respondent. Although the accident occurred on a road where resurfacing had just commenced, the site of the accident was located nearly one mile from the nearest resurfacing that had been undertaken and was entirely unrelated to the resurfacing project. The appellant waited more than six months after being notified of the claim against the respondent before it issued a disclaimer of coverage. Because the policy only covered liability arising out of negligent operations or supervision in the course of resurfacing, the appellant claimed that it did not apply to liability arising out of the above-mentioned accident.

The Supreme Court erroneously applied Insurance Law § 3420 (d) to this case. That provision only estops an insurance company from disclaiming coverage where it has delayed unreasonably in doing so if the policy at issue would provide the claimed coverage but for a policy exclusion. Because the provisions of the policy simply never created coverage in the first place, the appellant, regardless of whether or not it was timely in issuing its disclaimer, is not estopped from doing so and has no obligation to provide the respondent with a legal defense *(see, Zappone v Home Ins. Co.,* 55 NY2d 131). Thompson, J. P., Weinstein, Eiber and Harwood, JJ., concur.