■ AMERICAN HOME ASSURANCE COMPANY, Appellant, v STEVEN APRIGLIANO et al, Respondents.—Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered December 28, 1988, which denied the motion of plaintiff-appellant for summary judgment, and *sua sponte* granted summary judgment to defendants-respondents, unanimously reversed, on the law, and summary judgment declaring no obligation on the part of plaintiff-appellant to defend or indemnify defendants-respondents is granted, without costs.

On or about July 3, 1976, plaintiff, American Home Assurance Company, issued service station policy No. 37773426 to defendant S.A. Service Station, Inc. and its owner, defendant Steven Aprigliano. Under pertinent terms of the policy, defendants were covered against losses involving a "non-owned automobile" only if incurred at a time when the vehicle was being used in the business of the insured.

By summons and complaint served on or about February 8, 1978, Frank Maringo brought an action in Queens County against defendant Steven Aprigliano, George Senior, and Maspeth Volunteer Ambulance Corporation, Inc., to recover for personal injuries allegedly sustained on July 4, 1976, when Aprigliano and Senior attempted to instruct him in the use of

a motorcycle owned by Senior. In denying plaintiff insurer's motion for summary judgment in its action for a declaration of no obligation to defend or indemnify Aprigliano in the *Maringo* action, the IAS Part reasoned that the insurer was estopped from disclaiming coverage under the service station policy because of its unreasonable delay in notifying defendants of its intention to do so. *(See,* Insurance Law § 3420 [d]; *Dryden Mut. Ins. Co. v Michaud,* 115 AD2d 150.) We reverse.

The record before us clearly establishes that the actionable conduct alleged in the *Maringo* action, i.e., negligent motorcycle instruction, does not arise from the operation of the defendant service station. Thus, it is not an "exclusion" under the policy, which an insurer must disclaim within a reasonable time or be subject to estoppel. Rather, these are circumstances for which "the policy simply never created coverage in the first place" *(Employers Ins. v County of Nassau,* 141 AD2d 496, 497) and, accordingly, plaintiff cannot have incurred a liability with respect thereto, despite its failure to timely disclaim. *(Zappone v Home Ins. Co.,* 55 NY2d 131.) Concur—Ross, J. P., Carro, Kassal, Ellerin and Rubin, JJ.