■ MASSACHUSETTS BAY INSURANCE COMPANY, Appellant-Respondent, v NATIONAL SURETY CORP., Doing Business as FIREMAN'S FUND INSURANCE COMPANIES, et al., Respondents-Appellants, et al., Defendant. [626 NYS2d 271] —In an action for a judgment declaring that the plaintiff has no duty to defend or indemnify the defendants Gino Comparetto, Antonio Comparetto, and Anthony & Sons Dairy Company, Inc., d/b/a Anthony & Sons Dairy Company and Cremosa Cheese Corporation, in two underlying actions entitled *Villanueva v Comparetto,* and *Incorporated Vil. of Freeport v Comparetto,* both pending in the Supreme Court, Nassau County, (1) the plaintiff appeals, as limited by its notice of appeal and brief, from

so much of an order of the Supreme Court, Nassau County (DiNoto, J.), entered December 17, 1992, as declared that it is obligated to defend Gino Comparetto, Antonio Comparetto, Anthony & Sons Dairy Company, Inc., d/b/a Anthony & Sons Dairy Company and Cremosa Cheese Corporation, in the underlying actions, (2) the defendants Gino Comparetto, Antonio Comparetto, and Anthony & Sons Dairy Company, Inc., d/b/a Anthony & Sons Dairy Company and Cremosa Cheese Corporation cross-appeal, as limited by their notice of appeal and brief, from stated portions of the same order, (3) the defendants Alberto Villanueva and Greta A. Villanueva cross-appeal, as limited by their notice of appeal and brief, from so much of the same order as denied as premature the branch of their motion which was for summary judgment on the issue of indemnification, and (4) the defendant National Surety Corporation, d/b/a Fireman's Fund Insurance Company, cross-appeals from stated portions of the same order. Justice Balletta has been substituted for the late Justice Lawrence (see, 22 NYCRR 670.1 [c]).

Ordered that the cross appeal of the defendant Antonio Comparetto is dismissed since he is not aggrieved by the portions of the order that he cross-appeals from; and it is further,

Ordered that the cross appeal of the defendant National Surety Corporation, d/b/a Fireman's Fund Insurance Company, is dismissed for failure to perfect the same in accordance with the rules of this Court (see, 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, by deleting the provision thereof declaring that the plaintiff is obligated to defend Gino Comparetto, Antonio Comparetto, Anthony & Sons Dairy Company, Inc., d/b/a Anthony & Sons Dairy Company and Cremosa Cheese Corporation, in the underlying actions and substituting therefor a provision declaring that the plaintiff is not obligated to defend or indemnify Gino Comparetto, Antonio Comparetto, Anthony & Sons Dairy Company, Inc., d/b/a Anthony & Sons Dairy Company and Cremosa Cheese Corporation, in the underlying actions; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

On March 2, 1987, the defendant Alberto Villanueva, while

performing his duties as a police officer of the Village of Freeport (hereinafter the Village), sustained injuries as the result of an altercation with the defendant Gino Comparetto. According to Villanueva, Comparetto grabbed him in a head-lock and hit him in the head and face because Camparetto was angered by his decision to issue parking summons to motor vehicles that belonged to Cremosa Cheese Corporation. Villanueva sustained injuries including a concussion and contusions of his face and hands. As a result of his conduct, Comparetto was convicted of, among other things, assault in the second degree. The jury found that Comparetto, with intent to prevent Villanueva from performing a lawful duty, caused Villanueva physical injury (see, Penal Law § 120.05 [3]; see also, Villanueva v Comparetto, 180 AD2d 627).

In 1988, Villanueva and his wife commenced an action against Comparetto and his employer (hereinafter the Comparetto defendants) to recover for damages that they had sustained as a result of the aforementioned altercation. The Village also commenced an action against the Comparetto defendants to recover, among other things, the wages and medical costs that it had paid to or on behalf of Villanueva as a result of his injuries (see, General Municipal Law § 207-c [6]).

The plaintiff in this declaratory judgment action issued several insurance policies to the Comparetto defendants, who contend that the plaintiff is obligated to defend and indemnify them in the actions that were brought by the Villanuevas and the Village. The plaintiff seeks a judgment declaring that it is not obligated to defend or indemnify the Comparetto defendants in the underlying actions because the injuries suffered by the Villanuevas and the Village were not caused by an occurrence as that term is defined in the relevant insurance policies. The Supreme Court found that the plaintiff must defend the Comparetto defendants in the underlying actions but that the issue of whether it must indemnify them is premature and must await the trials of the underlying actions.

Initially, we note that the plaintiff is not estopped from denying insurance coverage or disclaiming liability on the ground that it failed to give the Comparetto defendants written notice thereof as soon as was reasonably possible (see, Insurance Law § 3420 [d]). Insurance Law § 3420 (d) requires written notice of a disclaimer of liability or a denial of coverage. However, as the Court of Appeals has held when interpreting Insurance Law § 3420 (d) (former Insurance Law § 167 [8]), "the Legislature in using the words 'denial of

coverage' did not intend to require notice when there never was any insurance in effect, and intended by that phrase to cover only situations in which a policy of insurance that would otherwise cover the particular accident is claimed not to cover it because of an exclusion in the policy" *(Zappone v Home Ins. Co.,* 55 NY2d 131, 138). The plaintiff in this case neither disclaimed liability or denied coverage within the meaning of Insurance Law § 3420 (d) *(see, Zappone v Home Ins. Co., supra).* The plaintiff does not contend that Gino Comparetto's conduct falls within any exclusions to the insurance polices in question but that the conduct is not covered by the terms of those policies *(see, American Home Assur. Co. v Aprigliano,* 161 AD2d 357; *Employers Ins. v County of Nassau,* 141 AD2d 496). Thus, the defense of estoppel is without merit.

With regard to the merits of this declaratory judgment action, the insurance policies in question provide insurance coverage for "all sums which the insured shall become legally obligated to pay as damages because of * * * bodily injury or * * * property damage to which this insurance applies, caused by an occurrence." An occurrence is defined as "an accident, including continuous or repeated exposure to conditions, which results in *bodily injury or property damage neither expected nor intended from the standpoint of the insured"* (emphasis added).

We find that the plaintiff is entitled to summary judgment. The plaintiff has submitted sufficient evidence in admissible form to establish that the injuries suffered by Police Officer Villanueva when he was physically assaulted by Gino Comparetto were either expected or intended by Comparetto, and the defendants have failed to raise an issue of fact with respect thereto *(see, Allstate Ins. Co. v Boonyam,* 192 AD2d 688; *Home Mut. Ins. Co. v Lapi,* 192 AD2d 927; *see also, Allstate Ins. Co. v Mugavero,* 79 NY2d 153; *cf., Barry v Romanosky,* 147 AD2d 605).

Moreover, we agree with the Court of Appeals that an ordinary person would be startled, to say the least, by the notion that someone would receive insurance protection for the consequences of criminal acts of which he was found guilty after a trial *(Allstate Ins. Co. v Mugavero, supra,* at 161). "As one court has put it: '[t]he average person purchasing homeowner's insurance would cringe at the very suggestion that [the person] was paying for such coverage. And certainly [the person] would not want to share that type of risk with other homeowner's policyholders' *(Rodriguez v Williams,* 42 Wash App 633, 636, 713 P2d 135, 137-138, *affd* 107

Wash 2d 381, 729 P2d 627)" *(Allstate Ins. Co. v Mugavero, supra,* at 161). Thus, it is clear that Comparetto's conduct is not the type of conduct for which insurance protection should be available. Balletta, J. P., Ritter, Altman and Goldstein, JJ., concur.