■ EMPIRE GROUP ALLCITY INSURANCE COMPANY, Respondent-Appellant, v DANIEL CICCIARO et al., Defendants, and ARTHUR W. CARRANO et al., Appellants-Respondents. [658 NYS2d 112] —In an action for a judgment declaring the rights of the parties under a contract of insurance, the defendants Arthur W. Carrano and Helen Carrano appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), dated July 16, 1996, as denied their cross motion for summary judgment, and the plaintiff Empire Group Allcity Insurance Company cross-appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law, without costs or disbursements, the plaintiff's motion for summary judgment is granted, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an appropriate judgment declaring that the plaintiff Empire Group Allcity Insurance Company has no duty to indemnify Daniel Cicciaro or Dano's Auto Clinic, Inc., in connection with the judgment entered against them in the action brought by

Arthur W. Carrano and Helen Carrano in the Supreme Court, Suffolk County, under Index No. 92-1392.

With respect to the merits of the cross appeal, the record shows conclusively that the bodily injury suffered by the defendant Arthur W. Carrano did not result from "garage operations" as this term is defined in the "Garage Policy" issued by the plaintiff Empire Group Allcity Insurance Company (hereinafter Allcity). The vehicle which collided with Mr. Carrano's was, it is true, being operated by an employee of Dano's Auto Clinic, the insured named in Allcity's policy. However, the record establishes that this employee was, at the time of the accident, using the vehicle for purposes wholly unrelated to the garage business *(see generally, American Home Assur. Co. v Aprigliano,* 161 AD2d 357; *Employees Ins. v County of Nassau,* 141 AD2d 496; *Davis v Hartford Acc. & Indem. Co.,* 48 Misc 2d 135, *mod* 25 AD2d 604).* Therefore, the basic coverage provisions of Allcity's policy furnish no coverage for the kind of liability sought to be imposed by the defendants Arthur W. Carrano and Helen Carrano. Furthermore, since the policy did not provide coverage, any delay by Allcity in disclaiming does not give rise to an estoppel *(see, Zappone v Home Ins. Co.,* 55 NY2d 131; *cf., Planet Ins. Co. v Bright Bay Classic Vehicles,* 75 NY2d 394; *see also, American Home Assur. Co. v Aprigliano, supra; Employees Ins. v County of Nassau, supra).* Accordingly, the Supreme Court correctly denied the Carranos' cross motion for summary judgment based on the allegedly late disclaimer, but incorrectly denied Allcity's motion for summary judgment. Bracken, J. P., Sullivan, Pizzuto and Krausman, JJ., concur.