■ MICHAEL DIVINEY, Appellant, v AETNA LIFE & CASUALTY COMPANY, Respondent, et al., Defendants. [682 NYS2d 675] —In an action for a judgment declaring that the defendant Aetna Life & Casualty Company is obligated to defend and indemnify the defendant Nicholas Austine in an action entitled *Diviney v 118-07 Realty Corp.*, pending in the Supreme Court, Queens County, under Index No. 009117-93, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Dye, J.), dated October 15, 1996, which granted the motion of the defendant Aetna Life & Casualty Company for summary judgment dismissing the complaint insofar as asserted against it and declared that Aetna Life & Casualty Company is not obligated to defend and indemnify the defendant Nicholas Austine in the action entitled *Diviney v 118-07 Realty Corp. (supra)*, pending in the Supreme Court, Queens County, under Index No. 009117-93.

Ordered that the order and judgment is affirmed, with costs.

The defendant Aetna Life & Casualty Company (hereinafter Aetna) submitted sufficient evidence in admissible form to establish that the injuries suffered by the plaintiff were not

caused by an "occurrence" as that term is defined in the homeowners insurance policy issued by Aetna, and the plaintiff failed to raise an issue of fact with respect thereto (*see, Massachusetts Bay Ins. Co. v National Sur. Corp.*, 215 AD2d 456). Accordingly, Aetna is entitled to summary judgment dismissing the complaint insofar as asserted against it, and is not obligated to defend and indemnify the defendant Nicholas Austine in the action entitled *Diviney v 118-07 Realty Corp. (supra)*, pending in the Supreme Court, Queens County, under Index No. 009117-93. Bracken, J. P., Ritter, Santucci and Altman, JJ., concur.