[710 NYS2d 375]

Metropolitan Property & Casualty Insurance Company, Respondent, v Clara Pulido, Defendant, and John B. Perdue et al., Appellants.

Second Department, June 26, 2000

## APPEARANCES OF COUNSEL

*Wallace & Witty, P. C.,* Brentwood (*Peter Graff* of counsel), for appellants.

*Rivkin, Radler & Kremer,* Uniondale (*Evan H. Krinick, Cheryl F. Korman* and *Jack D. Jordan* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

In this case we are asked to determine whether an insurer is obligated to defend and indemnify an insured under a home-owner's policy where the insured is not a resident of the insured premises. Under the facts of this case, we conclude that the policy at issue did not provide such coverage.

In February 1996, the plaintiff, Metropolitan Property & Casualty Insurance Company (hereinafter Met), issued a home-owners liability policy to the defendants John B. Perdue and Estelle Perdue, insuring premises located at 1082 Joselson Avenue in Bayshore, New York (hereinafter the premises).

Under the general definitions section of the policy, it is stated:

"INSURED PREMISES means:

"1. the *residence premises* described in the Declarations/i.e., 1082 Joselson Avenue in Bayshore, New York/.

"2. any other premises specifically named in the Declarations and used by *you* as a residence.

"3. any premises acquired by *you* during the term of this policy and used by *you* as a residence.

"4. any premises not owned by *you* but where *you* may be temporarily residing." (Emphasis in original.)

The term "residence premises" is defined in the policy as "a one-family dwelling used as a private residence by you and named in the declarations and includes private structures and private approaches."

On May 21, 1996, the defendant Clara Pulido allegedly was bitten by a dog at the premises. The Perdues provided timely

notice of the incident to Met. However, the Perdues did not reside at the premises at the time the policy was issued or at the time the dog bite incident took place. Instead, the Perdues resided at 29 Adams Street, Deer Park, New York, and the defendants, Donna Quiles and Pedro Quiles, the Perdues' daughter and son-in-law, resided at the premises.

On January 17, 1997, Pulido commenced the underlying action as a result of the dog bite she allegedly sustained while upon the premises. Met retained counsel to represent the Perdues and the Quiles, and an answer was interposed on their behalf on February 4, 1997. On June 17, 1997, Met advised the Perdues that it was disclaiming coverage in the underlying action commenced by Pulido. The letter advised the Perdues that Met had discovered that they did not in fact reside at the covered premises, but rather in Deer Park, and thus Estelle Perdue's "representation" to a Met investigator that she lived at the covered premises constituted an intentional misrepresentation of a material fact.

Shortly thereafter Met commenced this action against Pulido, the Perdues, and the Quiles, seeking a declaration that it was not obligated to defend or indemnify the defendants in the underlying action commenced by Pulido. Met alleged, *inter alia,* that 1082 Joselson Avenue did not qualify as an insured premises since it "was no longer used as a private residence by John and Estelle Perdue who maintained a residence elsewhere at the time of the alleged occurrence."

In December 1998 Pulido moved for summary judgment dismissing the complaint in the declaratory judgment action. Pulido argued that Met failed to timely disclaim. Pulido also argued that the disclaimer lacked merit because the policy provided coverage for injuries sustained at the insured premises which the policy simply defined as the "residence premises described in the Declarations" (i.e., 1082 Joselson Avenue). Thus, the fact that the Perdues did not reside at this address did not void the policy and, consequently, any alleged representation by them as to where they resided was not material to the policy. The codefendants, the Perdues and the Quiles, also moved for summary judgment dismissing Met's complaint. Met opposed the motion and cross-moved for summary judgment declaring that it was not obligated to defend or indemnify the defendants in the underlying action.

The Supreme Court granted Met's cross motion for summary judgment and denied the defendants' respective motions for summary judgment. The court reasoned that "the loss was not

covered under the contract [of insurance] which was clearly intended to cover only the insured's residence. * * * [Thus], if the policy is void ab initio, the insured who is a claimant cannot create coverage by relying upon the failure to provide a timely notice of disclaimer." We agree.

Insurance Law § 3420 (d) provides that if an insurer shall disclaim liability under a liability policy issued in this State, it "shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured." Furthermore, it has been held that a delay of only two months in failing to disclaim is unreasonable (i.e., untimely) as a matter of law (*see, Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028).

However, the issue of a timely disclaimer is irrelevant if, in the first instance, the policy never provided coverage for the particular claim at issue. In *Zappone v Home Ins. Co.* (55 NY2d 131, 134), the Court of Appeals stated: "The principle * * * that *the failure to disclaim coverage does not create coverage which the policy was not intended to provide,* applies to liability policies as well as professional indemnity insurance, notwithstanding the provisions of [section 3420 (d)] of the Insurance Law. The words 'deny coverage' in that subdivision refer to denial of liability predicated upon an exclusion set forth in a policy which, without the exclusion, would provide coverage for the liability in question. It does not encompass denial that the policy as written could not have covered the liability in question under any circumstances" (emphasis added). In other words, if the policy never provided coverage for the underlying claim, "a prompt notice of disclaimer [is] not required" (*Government Empls. Ins. Co. v Pagano,* 251 AD2d 452, 454; *see also, Central Gen. Hosp. v Chubb Group of Ins. Cos.,* 90 NY2d 195; *cf., Matter of Worcester Ins. Co. v Bettenhauser,* 95 NY2d 185).

Here the Met policy only provided coverage to the appellants if the insured premises was used as a residence by the Perdues, and since it was not so used, there was no coverage under this policy for the dog bite incident.

The appellants argue that since the policy covers the address described in the declarations, there is coverage for the incident which occurred at this address and thus Met was obligated to timely disclaim. However, this would be in direct contravention of the clear statement in the policy that the insured premises (i.e., 1082 Joselson Avenue) means "residence premises." Furthermore, even ignoring the ordinary meaning

of the word "residence" as a place where one resides or lives, the policy itself defines "Residence Premises" as "a one-family dwelling *used as private residence by you and named in the Declarations*" ([emphasis added]; *see generally, Teichman v Community Hosp.,* 87 NY2d 514 [unambiguous terms in a policy of insurance must be given their plain and ordinary meaning and courts may not make or vary the contract of insurance to accomplish their notion of abstract justice or moral obligation]; *Breed v Insurance Co.,* 46 NY2d 351, 355).

It is significant that all of the definitions of "insured premises" in the policy have a common element. In order for a location to be an insured premises under the policy it must be a residence of the insured. This fact further emphasizes that the policy is only intended to afford coverage for places where the insured live.

Under these circumstances, it is reasonable to conclude that the policy at issue was intended (and indeed was unambiguously written) so as to only provide liability coverage to the insured at their residence—which was either the premises described or any other place where they actually lived (*see, County of Columbia v Continental Ins. Co.,* 83 NY2d 618 [intent of insurance policy is determined by examining the policy as a whole, and by giving effect and meaning to all of the terms in the policy]). The policy cannot be read to provide coverage to a location where the insured did not reside, even if they owned such premises. Accordingly, if the insured did not live at the Joselson Avenue address, then their homeowners' liability policy coverage never applied to this location, and thus there was no requirement that Met timely disclaim.

The fact that Met's June 1997 disclaimer letter did not specifically raise the issue that Joselson Avenue was not an insured premises, but instead cited the fraud and concealment portion of the policy as grounds for disclaimer, does not mandate a different result. Since the policy did not provide coverage for the Joselson Avenue address if the insured did not live there, the issue of timely disclaimer or whether all of the grounds for such disclaimer were initially asserted is irrelevant (*see, Empire Group Allcity Ins. Co. v Cicciaro,* 240 AD2d 362 [where the policy does not provide coverage, the delay or failure to disclaim does not give rise to estoppel]; *cf., General Acc. Ins. Group v Cirucci,* 46 NY2d 862 [*when there is a requirement to disclaim,* all grounds for disclaimer must be initially asserted in the letter of disclaimer]).

In view of the above conclusions and the fact that the appellants did not raise any material issue of fact regarding where

they actually resided, Met was entitled to summary judgment declaring that it had no obligation to defend or indemnify them in the underlying action (*see generally, Gilbert Frank Corp. v Federal Ins. Co.,* 70 NY2d 966; *Alvarez v Prospect Hosp.,* 68 NY2d 320).

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

RITTER, J. P., SANTUCCI, THOMPSON and McGINITY, JJ., concur.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.