■ ALLSTATE INSURANCE COMPANY, Appellant, v LARRY SCHIMMEL et al., Respondents. [802 NYS2d 510]—

In an action for a judgment declaring that Allstate Insurance Company is not obligated to defend and indemnify the defendant Thomas Wood in an underlying action entitled *Schimmel v Six Mile Cross*, pending in the Supreme Court, Suffolk County, under Index No. 18785/02, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated January 7, 2005, as denied its motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that Allstate Insurance Company is not obligated to defend and indemnify the defendant Thomas Wood in the underlying action entitled *Schimmel v Six Mile Cross*, pending in the Supreme Court, Suffolk County, under Index No. 18785/02.

Contrary to the conclusion of the Supreme Court, based upon a reading of the factual allegations in the complaint in the underlying action, the essence of Larry Schimmel's claim against the plaintiff's insured, Thomas Wood, is assault. Schimmel cannot exalt form over substance by labeling the action as one to recover damages for negligence. "It is well settled that no cause of action to recover damages for negligent assault exists in New York" (*Schetzen v Robotsis*, 273 AD2d 220, 221 [2000]).

The injuries Schimmel allegedly sustained were inherent in the conduct Wood reportedly engaged in. His assault cannot therefore be construed as an accident within the definition of "occurrence" for which the plaintiff's policy affords coverage (*see Allstate Ins. Co. v Mugavero*, 79 NY2d 153, 161 [1992]; *Tangney v Burke*, 21 AD3d 367 [2005]).

Moreover, the plaintiff demonstrated as a matter of law that the policy exclusion for "bodily injury" which is "intended by,

or which may reasonably be expected to result from the intentional or criminal acts or omissions of, an insured person," precludes coverage for the incident at issue (*see Peters v State Farm Fire & Cas. Co.*, 100 NY2d 634 [2003]; *Pagano v Allstate Ins. Co.*, 5 AD3d 576 [2004]; *Allstate Ins. Co. v Ruggiero*, 239 AD2d 369 [1997]). S. Miller, J.P., Krausman, Goldstein and Covello, JJ., concur.