■ JOEL DESIR et al., Appellants, v NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Respondent, et al., Defendant. [856 NYS2d 664]—

In an action, inter alia, for a judgment declaring the respective rights of the parties under a certain insurance policy, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Queens County (Grays, J.), entered April 17, 2007, which granted the motion of the defendant Nationwide Mutual Fire Insurance Company for summary judgment declaring that it is not obligated to defend the defendant Hector Sburlati in an underlying personal injury action entitled *Desir v Sburlati,* commenced in the Supreme Court, Queens County, under index No. 19290/99, and declared that the defendant Nationwide Mutual Fire Insurance Company is not so obligated.

Ordered that the order and judgment is affirmed, with costs.

The assault alleged in the underlying action is an intentional act, which does not constitute an "occurrence" within the meaning of the policy issued by the defendant Nationwide Mutual Fire Insurance Company (hereinafter the insurer) to the defendant Hector Sburlati (hereinafter the insured), which defines "occurrence" as a "bodily injury or property damage resulting from an accident, including continuous or repeated exposure to the same general condition" (*see Diviney v Aetna Life & Cas. Co.,* 257 AD2d 643, 643-644 [1999]; *Tomain v Allstate Ins. Co.,* 238 AD2d 774 [1997]; *Board of Educ. of E. Syracuse-Minoa Cent. School Dist. v Continental Ins. Co.,* 198 AD2d 816, 816-817 [1993]). Further, the inclusion in the underlying complaint of causes of action sounding in negligence and alleging carelessness does not alter the fact that "the operative act giving rise to any recovery is the assault" (*Mount Vernon Fire Ins. Co. v Creative Hous.,* 88 NY2d 347, 352 [1996]; *see Public Serv. Mut. Ins. Co. v Camp Raleigh,* 233 AD2d 273 [1996]).

Inasmuch as there is no legal basis upon which the insurer can be held liable for coverage, there is no obligation to provide a defense or to indemnify the insured (*see Zappone v Home Ins. Co.,* 55 NY2d 131, 138 [1982]; *Spoor-Lasher Co. v Aetna Cas. & Sur. Co.,* 39 NY2d 875, 876 [1976]; *Green Chimneys School for*

*Little Folk v National Union Fire Ins. Co. of Pittsburgh, Pa.,* 244 AD2d 387 [1997]). In any event, coverage for the insured's conduct is also barred by the policy's exclusionary clause for intentional acts. Accordingly, the Supreme Court properly determined that the insurer had no duty to provide a defense to the insured or to indemnify him in the underlying action to recover damages for the assault.

The appellants' remaining contentions are without merit. Lifson, J.P., Florio, Eng and Chambers, JJ., concur.