STATE FARM AND CASUALTY COMPANY, Respondent, v JENNIFER GUZMAN et al., Defendants, and DULCE CABRERA, Appellant. [28 NYS3d 310]—

Order, Supreme Court, Bronx County (Edgar G. Walker, J.), entered on or about October 24, 2013, which denied defendant Cabrera's motion for summary judgment, and granted plaintiff's cross motion for summary judgment declaring that it has no obligation to defend or indemnify defendant Guzman in the underlying action, unanimously affirmed, without costs. Order, same court and Justice, entered April 15, 2014, which denied Cabrera's motion to reargue and renew, unanimously affirmed as to the motion to renew, and appeal therefrom otherwise dismissed, without costs, as taken from a nonappealable order.

It is undisputed that the named insured under the homeowner's policy issued by plaintiff did not reside at the subject premises. Accordingly, under the terms of the policy, the subject premises was not covered (see *Marshall v Tower Ins. Co. of N.Y.*, 44 AD3d 1014 [2d Dept 2007]).

Since the policy never provided coverage for these circumstances in the first place, the timeliness of plaintiff's disclaimer is irrelevant (see *Zappone v Home Ins. Co.*, 55 NY2d 131 [1982]; *American Home Assur. Co. v Aprigliano*, 161 AD2d 357, 358 [1st Dept 1990]). Nor can Cabrera rely on the estoppel doctrine, since she failed to establish that she was prejudiced by the issuance of the disclaimer four months before the note of issue was filed (see *206-208 Main St. Assoc., Inc. v Arch Ins. Co.*, 106 AD3d 403 [1st Dept 2013]).

We have considered Cabrera's remaining contentions, including that the policy's exclusions for business pursuits and property held for rental are ambiguous, and find them unavailing. Concur—Tom, J.P., Andrias, Manzanet-Daniels, Kapnick and Gesmer, JJ.