Rinaldi v Wakmal (2020 NY Slip Op 02669)





Rinaldi v Wakmal


2020 NY Slip Op 02669


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2017-00984
 (Index No. 600298/15)

[*1]Frank J. Rinaldi, appellant-respondent,
v
Wasim Wakmal, defendant, Utica First Insurance Company, respondent-appellant, Progressive Casualty Insurance Company, respondent.


Michael A. Haskel, Mineola, NY (Mary Wright and Brandon M. Zlotnick of counsel), for appellant-respondent.
Farber Brocks & Zane LLP, Garden City, NY (Audra S. Zane and Sherri N. Pavloff of counsel), for respondent-appellant.
Morris Duffy Alonso & Faley, New York, NY (Iryna S. Krauchanka and Kevin G. Faley of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that the defendants Utica First Insurance Company and Progressive Casualty Insurance Company are obligated to defend and indemnify the plaintiff in an underlying action entitled Wakmal v Rinaldi, commenced in the Supreme Court, Nassau County, under Index Number 601977/15, the plaintiff appeals, and the defendant Utica First Insurance Company cross-appeals, from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered December 21, 2016. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendants Utica First Insurance Company and Progressive Casualty Insurance Company, and granted those defendants' separate cross motions for summary judgment, in effect, declaring that they are not obligated to defend or indemnify the plaintiff in the underlying action.
ORDERED that the cross appeal by the defendant Utica First Insurance Company is dismissed, as it is not aggrieved by the order cross-appealed from (see CPLR 5511); and it is further,
ORDERED that the order is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the defendants Utica First Insurance Company and Progressive Casualty Insurance Company are not obligated to defend or indemnify the plaintiff in the underlying action entitled Wakmal v Rinaldi, commenced in the Supreme Court, Nassau County, under Index Number 601977/15; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
The plaintiff, Frank J. Rinaldi, was involved in a physical altercation with the defendant Wasim Wakmal. It is undisputed that Rinaldi struck Wakmal in the face twice during the altercation. Wakmal subsequently commenced a personal injury action against Rinaldi, entitled [*2]Wakmal v Rinaldi, in the Supreme Court, Nassau County, under Index Number 601977/15 (hereinafter the underlying action).
At the time of the incident, Rinaldi was covered under a homeowner's insurance policy issued by the defendant Utica First Insurance Company (hereinafter Utica), and an automobile insurance policy issued by the defendant Progressive Casualty Insurance Company (hereinafter Progressive). Rinaldi tendered the defense of the underlying action to both insurers, who both disclaimed coverage. Rinaldi thereafter commenced the instant action against, among others, Utica and Progressive, seeking, inter alia, a judgment declaring that those entities are obligated to defend and indemnify him in the underlying action. Rinaldi moved for summary judgment on the complaint insofar as asserted against Utica and Progressive, and those defendants separately cross-moved for summary judgment, in effect, declaring that they are not obligated to defend or indemnify Rinaldi in the underlying action. The Supreme Court denied Rinaldi's motion and granted the cross motions. Rinaldi appeals.
"The duty to defend is triggered whenever the allegations of a complaint, liberally construed, suggest a reasonable possibility of coverage, or the insurer has actual knowledge of facts establishing a reasonable possibility of coverage" (Bruckner Realty, LLC v County Oil Co., Inc., 40 AD3d 898, 900; see Parler v North Sea Ins. Co., 129 AD3d 926, 927). "[A]n insurance carrier can be relieved of its duty to defend if it establishes, as a matter of law, that there is no possible factual or legal basis on which it might eventually be obligated to indemnify its insured under any policy provision" (Matter of Transtate Ins. Co., 303 AD2d 516, 516). "When an insurer seeks to disclaim coverage on the further basis of an exclusion, . . . the insurer will be required to provide a defense unless it can demonstrate that the allegations of the complaint cast that pleading solely and entirely within the policy exclusions, and, further, that the allegations, in toto, are subject to no other interpretation" (Autmobile. Ins. Co. of Hartford v Cook, 7 NY3d 131, 137 [internal quotation marks omitted]).
Here, the coverage provided by the automobile policy issued by Progressive was limited to "accident[s] arising out of the ownership, maintenance, or use" of the covered vehicle. Progressive met its initial burden of demonstrating, prima facie, that the incident at issue, a physical altercation which occurred after Rinaldi and Wakmal had left their respective vehicles, did not arise from the ownership, maintenance, or use of the covered vehicle (see Zaccari v Progressive Northwestern Ins. Co., 35 AD3d 597, 600; Republic Long Is., Inc. v Andrew J. Vanacore, Inc., 29 AD3d 665, 666). In opposition, Rinaldi failed to raise a triable issue of fact.
Similarly, Utica demonstrated, prima facie, that despite the manner in which the cause of action in the underlying action was labeled, the assault alleged therein was an intentional act, which did not constitute an "occurrence" within the meaning of Utica's policy (see Allstate Ins. Co. v Mugavero, 79 NY2d 153, 162-163; Desir v Nationwide Mut. Fire Ins. Co., 50 AD3d 942; Allstate Ins. Co. v Schimmel, 22 AD3d 616; see also Schetzen v Robotsis, 273 AD2d 220, 221). In opposition, the plaintiff failed to raise a triable issue of fact.
Since there was, accordingly, no legal basis upon which Progressive or Utica could be held liable for coverage, they had no obligation to defend or indemnify Rinaldi (see Desir v Nationwide Mut. Fire Ins. Co., 50 AD3d 942). Moreover, coverage for Rinaldi's conduct was also barred by exclusions in both policies for bodily injury caused by, or resulting from, intentional acts of the insured (see id.).
We therefore agree with the Supreme Court's determination to grant Utica's and Progressive's cross motions, and, for the same reasons, to deny the plaintiff's motion for summary judgment on the complaint insofar as asserted against those defendants.
Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that Utica and Progressive are not obligated to defend or indemnify the plaintiff in the underlying action (see Lanza v Wagner, 11 NY2d 317).
BALKIN, J.P., LEVENTHAL, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court