Pro's Choice Beauty Care, Inc. v Great N. Ins. Co. (2021 NY Slip Op 00318)





Pro's Choice Beauty Care, Inc. v Great N. Ins. Co.


2021 NY Slip Op 00318


Decided on January 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-10274
 (Index No. 608150/16)

[*1]Pro's Choice Beauty Care, Inc., appellant-respondent,
v
Great Northern Insurance Company, respondent-appellant.


Mintz Levin Cohn Ferris Glovsky and Popeo, P.C., New York, NY (Anthony J. Viola, Andre K. Cizmarik, and Kara M. Cormier of counsel), for appellant-respondent.
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, New York, NY (Katherine E. Tammaro of counsel), for respondent-appellant.



DECISION & ORDER
In an action to recover damages for breach of contract and for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff in an underlying action entitled Bumble and Bumble, LLC v Pro's Choice Beauty Care, Inc., commenced in the United States District Court for the Southern District of New York under Docket No. 14-CV-6911, the plaintiff appeals, and the defendant cross-appeals, from an order of the Supreme Court, Suffolk County (Elizabeth H. Emerson, J.), dated August 3, 2018. The order, insofar as appealed from, denied that branch of the plaintiff's cross motion which was summary judgment on the issue of the defendant's liability for defense costs. The order, insofar as cross-appealed from, denied the defendant's motion, in effect, for summary judgment declaring that it is not obligated to defend or indemnify the plaintiff in the underlying action.
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that the order is reversed insofar as cross-appealed from, on the law, the defendant's motion, in effect, for summary judgment declaring that it is not obligated to defend or indemnify the plaintiff in the underlying action is granted, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the defendant is not obligated to defend or indemnify the plaintiff in the underlying action entitled Bumble and Bumble, LLC v Pro's Choice Beauty Care, Inc., commenced in the United States District Court for the Southern District of New York under Index No. 14-CV-6911; and it is further,
ORDERED one bill of costs is awarded to the defendant.
The plaintiff purchased commercial general liability insurance from the defendant (hereinafter the policy). Nonparty Bumble and Bumble, LLC, commenced an action against, among others, the plaintiff in the United States District Court for the Southern District of New York to recover damages and for injunctive relief based on, inter alia, trademark infringement (hereinafter the underlying action). The plaintiff tendered notice of the underlying action to the defendant, and [*2]the defendant disclaimed coverage. The plaintiff ultimately settled the underlying action.
The plaintiff commenced this action against the defendant to recover damages for breach of contract and for certain declaratory relief. The defendant moved for summary judgment, in effect, declaring that it is not obligated to defend or indemnify the plaintiff in the underlying action, and the plaintiff cross-moved, inter alia, for summary judgment on the issue of the defendant's liability for defense costs. The Supreme Court denied the motion and the cross motion. The plaintiff appeals and the defendant cross-appeals.
"A duty to defend is triggered by the allegations contained in the underlying complaint" (BP A.C. Corp. v. One Beacon Ins. Group, 8 NY3d 708, 714; see One Reason Rd., LLC v Seneca Ins. Co., Inc., 163 AD3d 974; Cumberland Farms, Inc. v Tower Group, Inc., 137 AD3d 1068, 1070). An insurer's duty to defend its insured arises whenever the allegations in a complaint state a cause of action that gives rise to the reasonable possibility of recovery under the policy (see Fitzpatrick v American Honda Motor Co., 78 NY2d 61; One Reason Rd., LLC v Seneca Ins. Co., Inc., 163 AD3d 974; QBE Ins. Corp. v Adjo Contr. Corp., 121 AD3d 1064, 1079). "If the allegations of the complaint are even potentially within the language of the insurance policy, there is a duty to defend" (Town of Massena v Healthcare Underwriters Mut. Ins. Co., 98 NY2d 435, 443).
"In determining a dispute over insurance coverage, we first look to the language of the policy" (Consolidated Edison Co. of N.Y. v Allstate Ins. Co., 98 NY2d 208, 221). "As with any contract, unambiguous provisions of an insurance contract must be given their plain and ordinary meaning" (White v Contintental Cas. Co., 9 NY3d 264, 267). Although the insurer has the burden of proving the applicability of an exclusion (see Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 311), it is the insured's burden to establish the existence of coverage (see Lavine v Indemnity Ins. Co., 260 NY 399, 410). Accordingly, "[where] the existence of coverage depends entirely on the applicability of [an] exception to the exclusion, the insured has the duty of demonstrating that it has been satisfied" (Borg-Warner Corp. v Insurance Co. of N. Am., 174 AD2d 24, 31; see Platek v Town of Hamburg, 24 NY3d 688, 694; Castillo v Prince Plaza, LLC, 164 AD3d 1418, 1419-1420; Copacabana Realty, LLC v Fireman's Fund Ins. Co., 130 AD3d 771, 772).
Here, the policy provides coverage for, among other things, an advertising injury. There is no dispute between the parties that the underlying action contains allegations of an advertising injury, as that term is defined in the policy. The policy, however, contains an exclusion which, as is relevant here, excludes coverage for "advertising injury . . . arising out of, giving rise to or in any way related to any actual or alleged . . . infringement or violation by any person or organization (including the insured) of any intellectual property law or right." "Intellectual property law or right" is defined by the policy to include trademarks. The complaint in the underlying action alleges, among other things, that the plaintiff counterfeited and infringed on another's trademark and engaged in the sale and distribution of offending goods. Under these circumstances, the defendant satisfied its burden of demonstrating that the exclusion to the policy applied (see Seaboard Sur. Co. v Gillette Co., 64 NY2d at 311). We disagree with the plaintiff's contention that there are factual or legal ambiguities in the application of the exclusion.
The exclusion contains an exception. That exception provides, "This exclusion applies, unless such injury: is caused by an offense described in the definition of advertising injury; and does not arise out of, give rise to or in any way relate to any actual or alleged assertion, infringement or violation of any intellectual property law or right, other than one described in the definition of advertising injury." The plaintiff failed to demonstrate that the exception to the exclusion applies because the complaint in the underlying action contained allegations unrelated to advertising injury (see Castillo v Prince Plaza, LLC, 164 AD3d at 1419-1420; see also Spandex House, Inc. v Hartford Fire Ins. Co., 407 F Supp 3d 242 [SD NY], affd 816 Fed Appx 611 [2d Cir]). Since there is no legal basis upon which the defendant could be held liable for coverage, it has no obligation to defend or indemnify the plaintiff (see Rinaldi v Wakmal, 183 AD3d 652; Desir v Nationwide Mut. Fire Ins. Co., 50 AD3d 942). Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment, in effect, declaring that it is not obligated to defend or indemnify the plaintiff in the underlying action.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the defendant is not obligated to defend or indemnify the plaintiff in the underlying action (see Lanza v Wagner, 11 NY2d 317; Rinaldi v Wakmal, 183 AD3d 652).
AUSTIN, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court