Grenadier Realty Corp. v RLI Ins. Co. (2023 NY Slip Op 03910)

Grenadier Realty Corp. v RLI Ins. Co.

2023 NY Slip Op 03910

Decided on July 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2020-06795
 (Index No. 502159/18)

[*1]Grenadier Realty Corp., et al., respondents,
v
RLI Insurance Company, appellant, et al., defendant.

Delahunt Law, PLLC, Buffalo, NY (Timothy E. Delahunt of counsel), for appellant.
Blank Rome LLP (Siler & Ingber, LLP, Mineola, NY [Gina Hatami], of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and for a judgment declaring that certain losses were covered under a general liability insurance policy issued by the defendant RLI Insurance Company, and that RLI Insurance Company is obligated to indemnify the plaintiffs, subject to the limits of that policy, against any liability imposed against the plaintiffs in an underlying action entitled Gargiso v Howland Hook Housing Co., Inc., commenced in the Supreme Court, Kings County, under Index No. 11044/14, RLI Insurance Company appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated July 31, 2020. The order granted that branch of the plaintiffs' motion which was for summary judgment declaring that certain losses are covered under a general liability insurance policy issued by RLI Insurance Company and that RLI Insurance Company is obligated to indemnify the plaintiffs in connection with the subject underlying action, and denied RLI Insurance Company's cross-motion for summary judgment dismissing the complaint insofar as asserted against it and for a judgment declaring that it has no duty to indemnify the plaintiffs in connection with the subject underlying action.
ORDERED that the order is reversed, on the law, with costs, that branch of the plaintiffs' motion which was for summary judgment declaring that certain losses are covered under a general liability insurance policy issued by RLI Insurance Company, and that RLI Insurance Company is obligated to indemnify the plaintiffs in connection with the subject underlying action is denied, RLI Insurance Company's cross-motion for summary judgment dismissing the complaint insofar as asserted against it and for a judgment declaring that it has no duty to indemnify the plaintiffs is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, making an appropriate declaration in favor of RLI Insurance Company, in accordance herewith.
In July 2012, nonparty Michael Gargiso allegedly was injured when he stepped in a trench which was dug as part of a construction project that had been left unfinished. Gargiso commenced a personal injury action (hereinafter the underlying action) against the property owner, Howland Hook Housing Co., and the property manager, Grenadier Realty Corp. (hereinafter together the plaintiffs). Grenadier, which had purchased a general liability insurance policy from the defendant RLI Insurance Company (hereinafter RLI), effective March 1, 2012 (hereinafter the subject [*2]policy), sought to obtain coverage from RLI. RLI denied coverage based upon an exclusion in an endorsement to the subject policy for "bodily injury" arising out of "Construction and Development Activities."
Thereafter, the plaintiffs commenced this action against RLI and another defendant, inter alia, to recover damages for breach of the subject policy and for a judgment declaring that RLI is obligated to provide coverage under the policy and to indemnify the plaintiffs in connection with the underlying action. The plaintiffs moved for summary judgment on their causes of action against RLI alleging breach of contract and for a judgment declaring that RLI was obligated to provide insurance coverage to them under the policy and to indemnify them. RLI cross-moved for summary judgment dismissing the complaint insofar as asserted against it and for a judgment declaring that it has no duty to indemnify the plaintiffs. The Supreme Court granted that branch of the plaintiffs' motion which was for summary judgment declaring that certain losses are covered under a general liability insurance policy issued by RLI and that RLI is obligated to indemnify the plaintiffs in connection with the underlying action, and denied the cross-motion of RLI for summary judgment dismissing the complaint insofar as asserted against it and for a judgment declaring that it has no duty to indemnify the plaintiffs in connection with the underlying action. RLI appeals.
"In determining a dispute over insurance coverage, we first look to the language of the policy" (Consolidated Edison Co. of N.Y. v Allstate Ins. Co., 98 NY2d 208, 221). "As with any contract, unambiguous provisions of an insurance contract must be given their plain and ordinary meaning" (White v Continental Cas. Co., 9 NY3d 264, 267). The insurer has the burden of proving the applicability of an exclusion (see Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 311). "Policy exclusions are to be strictly and narrowly construed and are not to be extended by interpretation or implication" (East Ramapo Cent. Sch. Dist. v New York Schs. Ins. Reciprocal, 150 AD3d 683, 686; see Pioneer Tower Owners Assn. v State Farm Fire & Cas. Co., 12 NY3d 302, 307). "'[I]f the language is doubtful or uncertain in its meaning, any ambiguity will be construed in favor of the insured and against the insurer'" (Vertex Restoration Corp. v Catlin Ins. Co., 156 AD3d 847, 848, quoting Lee v State Farm Fire & Cas. Co., 32 AD3d 902, 904). However, "'the plain meaning of a policy's language may not be disregarded to find an ambiguity where none exists'" (Edward Horton Bldrs., Inc. v Arch Specialty Ins. Co., 189 AD3d 998, 999, quoting Howard & Norman Baker, Ltd. v American Safety Cas. Ins. Co., 75 AD3d 533, 534).
Here, the subject policy provides coverage for, among other things, damages because of "bodily injury." The subject policy includes a construction and development exclusion, which, as is relevant, excludes from coverage "bodily injury" resulting from "Construction and Development Activities." Gargiso was injured when he stepped into a trench which had been dug as part of the construction activities in a parking lot on the property. RLI demonstrated that the construction and development exclusion unambiguously excluded from coverage bodily injury arising out of such construction and development activities. Therefore, RLI established that it did not have a duty to indemnify the plaintiffs in connection with the underlying action. Accordingly, the Supreme Court should have denied that branch of the plaintiffs' motion which was for summary judgment declaring that RLI is obligated to provide coverage and to indemnify them in connection with the underlying action, and should have granted RLI's cross-motion for summary judgment dismissing the complaint insofar as asserted against it and for a judgment declaring that RLI is not obligated to indemnify the plaintiffs in connection with the subject underlying action.
The plaintiffs' remaining contention is without merit.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that RLI is not obligated to indemnify the plaintiffs in the underlying action entitled Gargiso v Howland Hook Housing Co., Inc., commenced in the Supreme Court, Kings County, under Index No. 11044/14 (see Lanza v Wagner, 11 NY2d 317).
CONNOLLY, J.P., MILLER, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court