Downie v Jiles (2024 NY Slip Op 03131)

Downie v Jiles

2024 NY Slip Op 03131

Decided on June 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 11, 2024

Before: Kern, J.P., Kapnick, Gesmer, González, O'Neill Levy, JJ. 

Index No. 25134/19 Appeal No. 2478 Case No. 2023-04104 

[*1]Alphonso Downie, Appellant,
v
Debora Jiles et al., Defendants.
Debora Jiles et al., Third-Party Plaintiffs,
v
Allstate Insurance Company et al. Third-Party Defendants-Respondents.

Harris Keenan & Goldfarb PLLC, New York (Jason S. Steinberg of counsel), for appellant.
Lewis Johs Avallone Aviles, LLP, Islandia (Karen M. Berberich of counsel), for Allstate Insurance Company, Allstate Life Insurance Company of New York, and The Allstate Corporation, respondents.

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered April 14, 2023, which granted third-party defendants' motion to dismiss the third-party complaint, unanimously affirmed, without costs.
The court properly dismissed the third-party complaint. As this Court found in State Farm & Cas. Co. v Guzman (138 AD3d 503 [1st Dept 2016], lv dismissed and denied 28 NY3d 1101 [2016]), involving similar policy language, "[i]t is undisputed that the named insured under the homeowner's policy . . . did not reside at the subject premises. Accordingly, under the terms of the policy, the subject premises was not covered" (id.at 503).
It is not dispositive whether defendant Kareem Jiles qualifies as an insured person under the policy. The policy defines "Insured premises" to include the "residence premises," which includes the "dwelling," which includes the "structure[] identified as the insured property on the Policy Declarations[] where you reside." "You" refers to "the person named . . . as the insured," and Kareem Jiles is not a named insured. The "Insured premises" also includes "any premises used by an insured person in connection with the residence premises," but the property was not used in connection with the "residence premises" in this case (cf. McLaughlin v Midrox Ins. Co., 70 AD3d 1463 [4th Dept 2010]).
In view of the foregoing, the parties' remaining arguments are academic.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 11, 2024