Nationwide Mut. Fire Ins. Co. v Nelson (2024 NY Slip Op 05602)

Nationwide Mut. Fire Ins. Co. v Nelson

2024 NY Slip Op 05602

Decided on November 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2022-08127 
2023-01851
 (Index No. 607647/21)

[*1]Nationwide Mutual Fire Insurance Company, respondent, 
v
Daniel Nelson, et al., appellants. Daniel Nelson, Levittown, NY, appellant pro se. Patricia Harding, Levittown, NY, appellant pro se (no brief filed).

Sacco & Fillas, LLP, Astoria, NY (Elliot L. Lewis of counsel), for appellant James Paolino.
Hollander Legal Group, P.C., Melville, NY (Allan S. Hollander and Harris J. Zakarin, P.C., of counsel), for respondent.

DECISION & ORDER
In an action for a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendants Daniel Nelson and Patricia Harding in an underlying action entitled Paolino v SM Rounders, LLC, pending in the Supreme Court, Queens County, under Index No. 718224/19, (1) the defendants separately appeal from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered September 19, 2022, and (2) the defendants Daniel Nelson and Patricia Harding separately appeal from an order of the same court, also entered September 19, 2022. The first order granted the plaintiff's motion for summary judgment declaring that it is not obligated to defend or indemnify the defendants Daniel Nelson and Patricia Harding in the underlying action. The second order denied, as academic, the cross-motion of the defendant Daniel Nelson, inter alia, to direct the plaintiff to post security for costs and, in effect, to dismiss the complaint pursuant to Business Corporation Law § 1312.
ORDERED that the first order is affirmed, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendants Daniel Nelson and Patricia Harding in the underlying action entitled Paolino v SM Rounders, LLC, pending in the Supreme Court, Queens County, under Index No. 718224/19; and it is further,
ORDERED that the appeal by the defendant Patricia Harding from the second order is dismissed, as that defendant is not aggrieved by that order (see CPLR 5511); and it is further,
ORDERED that the second order is affirmed on the appeal by the defendant Daniel Nelson; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In August 2019, the defendants Daniel Nelson and James Paolino were involved in a physical altercation at a hotel. During the altercation, Nelson punched and kicked Paolino several times, causing injuries. Paolino subsequently commenced an action to recover damages for personal injuries against, among others, Nelson, alleging, inter alia, that Nelson assaulted him, and that Nelson negligently and recklessly caused his injuries (hereinafter the underlying action). At the time of the incident, Nelson was covered under a homeowners insurance policy issued by the plaintiff to the defendant Patricia Harding.
In June 2021, the plaintiff commenced this action against Nelson, Harding, and Paolino for a judgment declaring that it is not obligated to defend or indemnify Nelson and Harding in the underlying action. Thereafter, the plaintiff moved for summary judgment declaring that it is not obligated to defend or indemnify Nelson and Harding in the underlying action. Nelson cross-moved, inter alia, to direct the plaintiff to post security for costs and, in effect, to dismiss the complaint pursuant to Business Corporation Law § 1312(a). In an order entered September 19, 2022 (hereinafter the first order), the Supreme Court granted the plaintiff's motion. In a separate order, also entered September 19, 2022, the court denied Nelson's cross-motion as academic. Nelson, Harding, and Paolino separately appeal from the first order. Nelson also appeals from the second order.
"An insurer's duty to defend its insured arises whenever the allegations in a complaint state a cause of action that gives rise to the reasonable possibility of recovery under the policy" (Pro's Choice Beauty Care, Inc. v Great N. Ins. Co., 190 AD3d 868, 870). "The duty is not triggered where it may be concluded, as a matter of law, that there is no possible factual or legal basis upon which the insurer might eventually be held to be obligated to indemnify the claimant under any provision of the insurance policy" (Bruckner Realty, LLC v County Oil Co., Inc., 40 AD3d 898, 900).
"In determining a dispute over insurance coverage, we first look to the language of the policy" (Consolidated Edison Co. of N.Y. v Allstate Ins. Co., 98 NY2d 208, 221; see Grenadier Realty Corp. v RLI Ins. Co., 218 AD3d 751, 753). Here, the subject policy provides coverage for, among other things, bodily injury caused by an "occurrence," which is defined as "bodily injury or property damage resulting from an accident." Although the term "accident" is not defined in the policy, "in deciding whether a loss is the result of an accident, it must be determined, from the point of view of the insured, whether the loss was unexpected, unusual and unforeseen" (Agoado Realty Corp. v United Intl. Ins. Co., 95 NY2d 141, 145). The policy also contains an exclusion for bodily injury which is "caused intentionally" or "caused by or resulting from an act or omission which is criminal in nature."
The plaintiff established, prima facie, that the incident at issue was not an "occurrence" giving rise to policy coverage. Despite the manner in which the cause of action in the underlying action was labeled by Paolino, the assault alleged therein was an intentional act, which did not constitute an "occurrence" within the meaning of the policy (see Rinaldi v Wakmal, 183 AD3d 652, 654; Allstate Ins. Co. v Schimmel, 22 AD3d 616, 616). In opposition, the defendants failed to raise a triable issue of fact.
Since there was no legal basis upon which the plaintiff could be held liable for coverage, it had no obligation to defend or indemnify Nelson and Harding (see Desir v Nationwide Mut. Fire Ins. Co., 50 AD3d 942, 942). Moreover, coverage for Nelson's conduct was also barred by exclusions in the policy for bodily injury caused by, or resulting from, intentional or criminal acts of the insured (see Rinaldi v Wakmal, 183 AD3d at 654; Allstate Ins. Co. v Schimmel, 22 AD3d at 616-617).
Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment declaring that it is not obligated to defend or indemnify Nelson and Harding in the underlying action and properly denied, as academic, Nelson's cross-motion.
In light of our determination, we need not address the parties' remaining [*2]contentions.
Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment declaring that the plaintiff is not obligated to defend or indemnify Nelson and Harding in the underlying action (see Lanza v Wagner, 11 NY2d 317).
DILLON, J.P., IANNACCI, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court