■ ANTHONY DeROSA, Appellant, v CHASE MANHATTAN MORT-GAGE CORPORATION et al., Respondents, et al., Defendant. [793 NYS2d 1]—

On the Court's own motion, pursuant to 22 NYCRR 130-1.1 *et seq.*, sanctions in the amount of $2,000 are imposed against David B. Cohen, Esq., and sanctions in the amount of $250 are imposed against Thomas D. Shanahan, Esq., payable to the Lawyers' Fund for Client Protection. The Clerk of the Court is directed to enter judgment accordingly.

Plaintiff's counsel unilaterally amended an appellate caption, without leave of court, to substitute "JP Morgan Chase, sued herein as Chase Manhattan Mortgage Corp." for Chase Manhattan Mortgage Corp., for the express purpose of pressing an appellate argument that the motion court was statutorily disqualified from presiding over this case due to its undisclosed ownership of stock in JP Morgan Chase (*see* Judiciary Law § 14). Further, they supplemented the appellate record with portions of the motion court's personal financial disclosure statements, which were not part of the record before the motion court. Finally, they filed an inaccurate certification, pursuant to CPLR 2105, that the record on appeal constituted a true and complete copy of the record before the motion court.

22 NYCRR 130-1.1 (c) sets forth three categories of "frivolous conduct" for which the court has discretion to impose costs or sanctions. Those are:

"(1) [conduct which] is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law;

"(2) [conduct which] is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or

"(3) [conduct which] asserts material factual statements that are false."

Conduct which violates any of the three subdivisions is grounds for the imposition of sanctions. Here, counsel violated all three sections, requiring the imposition of a harsher penalty. Initially, counsel had the opportunity to raise the issue of the motion court's alleged financial interest in the litigation by way of a proper motion before the IAS court. Curiously, for counsel who claim to have a genuine concern about this alleged conflict of interest, they did not make any disqualification motion. Instead counsel chose to unilaterally amend the caption to match an entry in the motion court's personal financial disclosure statements, and based upon that to argue for the first time on appeal that the motion court had a financial interest in the substituted lead defendant. This Court, in reliance upon the CPLR 2105 certification, was misled to believe that the motion court's personal financial information was part of the record before the motion court. Counsel's acts misled the Court and resulted in the wasted expenditure of time and energy by plaintiff's opponents and by this Court, warranting the imposition of sanctions under 22 NYCRR 130-1.1.

The disparity in the sanctions imposed against Mr. Cohen and Mr. Shanahan reflects our view of the relative penalties required to deter future deceitful behavior. Mr. Shanahan's submission shows his appreciation of the seriousness of the matters involved. He affirms that he drafted certain portions of the appellate brief and that he is responsible for the caption, the contents, and the CPLR 2105 certification based upon his agreement to have his name appear on the brief and the record as co-counsel. However, he states that he was not aware of the misleading and improper material until he received a copy of the bound briefs and record. While Mr. Shanahan failed to act to correct these improprieties, in his submission he accepts responsibility for his part in the misconduct. Further, Mr. Shanahan demonstrates respect for both the litigants involved and the judiciary.

By contrast, Mr. Cohen fails to appreciate the seriousness of his acts, and his submission contains a barrage of accusations of bias. While Mr. Cohen admits intentionally altering the appellate caption and adding the financial disclosure statement to the record, he attempts to defend his actions by asserting that he made sure that this Court was not misled. However, this

Court was initially deceived. The certification was false on its face. His alteration of the caption was done by design, without permission. Further, Mr. Cohen takes no responsibility and expresses no remorse. Instead, he makes derogatory and undignified statements about the judiciary.

The conduct of these attorneys calls for the imposition of sanctions in the amount of $2,000 against Mr. Cohen and $250 against Mr. Shanahan. Concur—Mazzarelli, J.P., Andrias, Friedman, Ellerin and Gonzalez, JJ.

Andrias, J. (dissenting). As noted in my prior dissent (10 AD3d 317, 325 [2004]), there was no basis for the majority's sua sponte direction that plaintiff and his counsel show cause why a sanction pursuant to part 130 of the Rules of the Chief Administrator of the Courts (22 NYCRR) should not be imposed upon them. Nothing in the submissions directed on the issue adds anything to warrant the sanctions now being imposed. In fact, plaintiff's counsel's assertion that he acted in good faith is uncontradicted.