■ CHRISTOPHER A. VELARDE, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendants. [51 NYS3d 73]—

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered December 11, 2015, which denied plaintiff's motion for leave to amend his complaint, unanimously affirmed, without costs.

Plaintiff alleges that while he was an inmate at Riker's Island, he was assaulted by a fellow inmate who is not a party to this action. Plaintiff sued the City for the negligence of its corrections officers in failing to stop the assault. When the City joined issue, it asserted CPLR 1601 as an affirmative defense, seeking to apportion damages with the nonparty assailant. Plaintiff then sought leave to amend his complaint to add causes of action under CPLR 1602 (7) and (11), arguing that the City was not entitled to apportion its damages with nonparty tortfeasor since the corrections officer acted with a reckless disregard for plaintiff's safety and/or in concert with the assailant.

Leave to amend a complaint is typically freely granted, but is committed, however, to the sound discretion of the trial court (see CPLR 3025 [b]; Davis v South Nassau Communities Hosp., 26 NY3d 563, 580 [2015]). To obtain leave, a plaintiff must submit evidentiary proof of the kind that would be admissible on a motion for summary judgment (see American Theatre for the Performing Arts, Inc. v Consolidated Credit Corp., 45 AD3d 506 [1st Dept 2007]). Here, plaintiff's motion was properly denied since his purported proof was insufficient to show that the correction officers were anything more than negligent. Concur—Renwick, J.P., Mazzarelli, Manzanet-Daniels, Feinman and Webber, JJ.