Kemeny v Liberty Mut. Ins. Co. (2021 NY Slip Op 02988)





Kemeny v Liberty Mut. Ins. Co.


2021 NY Slip Op 02988


Decided on May 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 11, 2021

Before: Kern, J.P., González, Scarpulla, Mendez, JJ. 


Index No. 656267/16 Appeal No. 13800N Case No. 2020-00193 

[*1]Malcolm Kemeny, Plaintiff-Appellant,
v
Liberty Mutual Insurance Company, Defendant-Respondent.


Michael W. Rosen, New York, for appellant.
Jaffe & Asher LLP, White Plains (Marshall T. Potashner of counsel), for respondent.



Order, Supreme Court, New York County (Debra A. James, J.), entered October 16, 2019, which granted plaintiff a money judgment for interest in the sum of $1,975.31, and otherwise granted defendant insurer's motion for summary judgment dismissing the complaint, denied plaintiff's motion for attorneys' fees for bad faith litigation, and denied plaintiff's motion for leave to serve a proposed second amended verified complaint to add a claim for a class action pursuant to CPLR 901, unanimously affirmed, with costs.
Although defendant did not move to vacate or modify the arbitration award pursuant to CPLR 7511(a), the arbitration award was paid in full a little more than three months after the award was issued. Defendant was not precluded from investigating the award during that time (see Reichel v Government Empls. Ins. Co., 66 NY2d 1000, 1003 [1985]). Further, plaintiff was entitled to simple interest until the date he was paid (Wiederhorn v Merkin, 106 AD3d 416, 416-417 [1st Dept 2013]). That date was February 22, 2017, when he was paid for the arbitration award, for which the interest was $1,975.31. This amount was also paid, and plaintiff has pointed to no express agreement or statutory authority that would entitle him to compounded interest, or interest on interest (id. at 417).
Supreme Court did not abuse its discretion in denying plaintiff's claim for attorneys' fees pursuant to 22 NYCRR 130-1.1 (see Grozea v Lagoutova, 67 AD3d 611, 611 [1st Dept 2009]). Any affirmative defense asserted was not intended to delay or harass (see 22 NYCRR 130-1.1[c][2]; DeRosa v Chase Manhattan Mtge. Corp., 15 AD3d 249, 250 [1st Dept 2005]), as the arbitration award was paid within two months of defendant's answer.
Supreme Court did not abuse its discretion in denying plaintiff's motion for leave to amend the complaint to add a claim for a class action, as plaintiff has submitted no evidentiary proof of questions of law or fact common to the class that would predominate over any questions affecting only individual members (see Velarde v City of New York, 149 AD3d 457, 457 [1st Dept 2017]; Ross v Amrep Corp., 57 AD2d 99, 102 [1st Dept 1977]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 11, 2021