Matter of O'Neill v New York City Police Dept. (2022 NY Slip Op 00732)





Matter of O'Neill v New York City Police Dept.


2022 NY Slip Op 00732


Decided on February 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 03, 2022

Before: Manzanet-Daniels, J.P., Webber, Oing, Mendez, Higgitt, JJ. 


Index No. 156114/19 Appeal No. 15229 Case No. 2021-02326 

[*1]In the Matter of Maura O'Neill, Petitioner-Appellant,
v
New York City Police Department, Respondent-Respondent.


Maura O'Neill, appellant pro se.
Georgia M. Pestana, Corporation Counsel, New York (Ellen Ravitch of counsel), for respondent.



Appeal from judgment (denominated an order), Supreme Court, New York County (Eileen A. Rakower, J.), entered November 20, 2020, insofar as appealed from as limited by the briefs, denying petitioner's motions for sanctions, granting respondent's cross motion to dismiss the petition seeking a judgment annulling respondent's determination dated March 18, 2019, which denied petitioner's request, pursuant to the Freedom of Information Law (FOIL), for certain records, and directed respondent to disclose those records, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously dismissed, to the extent the appeal relates to records produced by respondent, and the judgment otherwise affirmed, without costs.
Supreme Court providently exercised its discretion in denying petitioner's sanctions applications (see 22 NYCRR 130-1.1[a]; DeRosa v Chase Manhattan Mtge. Corp., 15 AD3d 249, 250-251 [1st Dept 2005]).
Respondent's production of responsive records moots petitioner's challenge to the denial of her FOIL request, warranting dismissal of that portion of the appeal (see Matter of Corbett v City of New York, 160 AD3d 415, 416 [1st Dept], lv denied 31 NY3d 913 [2018]; Matter of Alvarez v Vance, 139 AD3d 459, 460 [1st Dept 2016]).
Respondent properly redacted the records which it produced. In particular, respondent properly redacted information which would identify witnesses in criminal investigations (see Public Officers Law § 87[2][b]; 89[2]; Matter of Exoneration Initiative v New York City Police Dept., 114 AD3d 436, 439 [1st Dept 2014]). Respondent properly redacted some records of a list of standard investigative steps to be taken in NYPD investigations, in order to prevent disclosure of "nonroutine police procedures" (Matter of Gould v New York City Police Dept., 89 NY2d 267, 278 [1996]; see Public Officers Law § 87[2][e][iv]). Finally, respondent properly redacted some records of specific web (http) addresses used for accessing confidential police material, which, if disclosed, "would jeopardize the [agency's capacity] to guarantee the security of its information technology assets" (Public Officers Law § 87[2][i]).
Supreme Court properly held to be time-barred petitioner's judicial challenge to withholding of records (relating to petitioner's CCRB complaint) that were the subject of petitioner's prior and now time-barred FOIL request (see Matter of United Probation Officers Assn. v City of New York, 187 AD3d 456, 456-457 [1st Dept 2020]; Matter of Stankevich v New York City Police Dept., 173 AD3d 507, 508 [1st Dept 2019], lv denied 35 NY3d 902 [2020]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 3, 2022